253 So.2d 495 (1971)
The CANAL AUTHORITY of the State of Florida, a Body Corporate under the Laws of the State of Florida, Appellant,
v.
OCALA MANUFACTURING ICE AND PACKING COMPANY et al., Appellees.
No. M-390.
District Court of Appeal of Florida, First District.
October 5, 1971.
Rehearing Denied November 9, 1971.
Decker, Elliott, Kaler & Clark, Jacksonville, for appellant.
Greene, Greene, Smith & Davenport and Greene, Ayres, Swigert, Cluster & Tucker, Ocala, for appellees.
JOHNSON, Judge.
This is an appeal from the trial court's award of various fees incurred as the result of a condemnation proceeding.
*496 The Canal Authority of the State of Florida challenges the trial court's award of a $5,000.00 fee to appellee's appraiser who did not testify, a $15,000.00 attorney's fee with respect to a parcel of property which was subsequently dismissed from the present suit, interest on said fee and the $60,000.00 attorney's fee with regard to the remaining four parcels involved. By cross-assignment of error, the appellee claims that the $15,000.00 award of attorney's fee for the dismissed parcel was grossly inadequate in light of the hours spent in preparation for trial, the skill required to conduct the cause, the loss of other employment in order to accomplish the result obtained, the amount involved in the controversy and the customary charges of the bar for similar services, as evidenced by the affidavits of three local attorneys.
We have very carefully considered the record on appeal, briefs and oral arguments of the parties and it is our conclusion that appellant has failed to demonstrate reversible error with respect to the $5,000.00 fee for the appellee's appraiser and the $60,000.00 attorney's fee for the four parcels which were the subject of the condemnation suit. We therefore affirm the judgment below with regard to those two fees.
With respect to the $15,000.00 attorney's fee for the dismissed parcel, we agree with the appellee that the amount awarded was grossly inadequate in light of the evidence offered by appellee and unrebutted by the appellant. The appellee's attorney filed an affidavit stating that he and members of his firm devoted 662 hours of time in conferences, research and court time in connection with the dismissed parcel only. Said affidavit further set out the novelty and difficulty of the questions involved, the skill required to properly conduct the cause, that the character of the employment was casual and not for an established and constant client and that the amount in controversy exceeded $1,000,000.00, the benefit to the client being in excess of $400,000.00. The appellant offered no evidence whatsoever to rebut these facts. Three local attorneys also filed affidavits stating, respectively, that a reasonable attorney's fee for the dismissed parcel would be $63,600.00, $50,000.00 and $52,650.00.
We are not unmindful of the rule that the determination of the amount of the recovery of attorney fees is largely in the discretion of the trier of fact; Folmar v. Davis, 108 So.2d 772 (Fla.App.3rd, 1959), and that such determination will not be disturbed except upon a clear showing of abuse of discretion. Belman Hotel Corp. v. Maher, 170 So.2d 591 (Fla.App.3rd, 1965). However, in exercising this discretion, the trier of fact must consider such elements as the services performed, the responsibility incurred, the nature of the services, the skill and time required, the customary charges for like services, the amount involved in the controversy, the value of the services to the client and the beneficial results of the services. Provus v. Provus, 44 So.2d 656 (Fla. 1950); Folmar v. Davis, supra; City of Miami Beach v. Cummings, 228 So.2d 109 (Fla.App.3rd, 1969). Also see Code of Professional Responsibility, Canon 2 (DR2-106), 32 F.S.A.
It is our opinion that the award of $15,000.00 in attorney fees for the dismissed parcel was an abuse of judicial discretion and was inadequate in light of the evidence presented by appellee, and uncontradicted by appellant, relating to the above elements to be considered in awarding attorneys' fees. That part of the trial court's judgment relating to the $15,000.00 fee for the dismissed parcel is therefore quashed and the trial judge is directed to enter a figure for an attorney's fee which is more in line with the evidence offered by appellee.
The judgment appealed herein is affirmed in part and reversed in part, and the cause is remanded for a determination *497 of the attorney's fee on Parcel 1 in accordance with the views herein expressed.
It is so ordered.
SPECTOR, C.J., and RAWLS, J., concur.