RAWLS, Acting Chief Judge.
In this post-injunctive action, appellants challenge the trial judge’s order in two respects, viz.: (1) His failure to award damages, and (2) the sum awarded for the services of their attorney.
On January 6, 1972, appellee Gilson, individually, and on behalf of the residents of Heritage Hills, a subdivision of the City of Ocala, and adjacent property owners thereto, filed a petition for a temporary injunction without notice seeking to enjoin appellants from proceeding in the construction of a housing project. The primary ground alleged in the petition for temporary injunction was that appellants had procured the land and building permits for a housing project by means of fraud and misrepresentation. On the next day, January 7, 1972, the trial court entered its temporary injunction without notice enjoining appellants from committing any acts toward construction of the housing project known as Hickory Ridge Apartments. On the 11th day of January 1972, appellants filed a 5-page motion seeking to dismiss or dissolve the injunction order and the trial court granted the motion to dissolve on January 24, 1972, on the grounds that same was moot because the City of Ocala had revoked the building permit. On that date the court set a hearing on February 21, *822 1972, at Ocala, to hear any motion or petition on the question of damages suffered by appellants.
The sole proof submitted by appellants on the question of damages suffered was the testimony of an estimator who was questioned as to the cost a subcontractor charged the general contractor for the delay occasioned by the injunction. The trial judge sustained objection to the testimony of this witness on the ground of hearsay. No other proof of damages was proffered. Appellants argue in their brief that they had “suffered damages as a result of the issuance of the temporary injunction such as the removal from the job site of all heavy equipment, and based upon the record there was a presumption based upon general knowledge and universal experience”, and thus the trial court should have accepted the testimony of the general contractor’s employee as to the damages suffered by its subcontractor. Hearsay is hearsay, and “general knowledge and universal experience” do not by metamorphosis transform hearsay into competent evidence. The trial judge was correct in concluding that appellants failed to prove the damages they sustained, if any.
The question of attorney’s fees has merit. Appellants presented extensive testimony concerning a reasonable fee by qualified witnesses. Among other factors, it was undisputed that the injunctive order stayed a million-dollar-plus construction project. Appellees adduced some testimony by a practicing attorney who admittedly was called during the hearing and qualified at that time. The lowest fee testified to by any of the witnesses [1] was “in the neighborhood of four hundred and fifty to six hundred dollars”, and the highest was $2,-015.00. The trial court awarded the sum of $240.00 as a reasonable fee and $120.00 as reasonable travel time. It is well settled that a trial judge has a broad discretion in awarding attorney’s fees, however, such discretion is not an unbridled one. We have reviewed this record and it is our conclusion that the evidence will not support the trial judge’s award.
The cause is reversed and remanded with directions that the trial judge enter an amended order allowing appellants the sum of $700.00 for attorney’s fees and the sum of $120.00 for travel.
JOHNSON, J., and GOODFRIEND, SAM, Associate Judge, concur.

. In response to the trial judge’s question, testimony was adduced that the minimum bar fee was $240.00; however, no competent witness testified that such minimum fee was appropriate for this action, nor does the record support such a conclusion.