### DEPARTMENT OF TRANSPORTATION, et al v. UNEX LEASING, Inc., et al.

No. 71-7424.

Circuit Court, Lake County

September 15, 1975.

Christopher C. Ford, Tavares, for the plaintiffs.

Ronald H. Watson, Eustis, for the defendants Taine and Keilson.

W. TROY HALL, Jr., Circuit Judge.

*Final judgment:* The complaint of the plaintiffs in this action was filed July 14, 1971, seeking condemnation of the property described herein for use as a road right-of-way. On September 1, 1971, an order of taking was entered by this court. On September 17, 1971, the plaintiffs deposited $880 into the court registry as estimated compensation for tract 106. On January 20, 1972, said $880 was paid to Esther Keilson and Roy Taine, owners of the property.

On May 27, 1975, trial began on the question of damages to the owners for the taking of tract 106, and the jury was impaneled and sworn to try what compensation should be made to the defendants for the property sought to be appropriated, and having heard the evidence and the charges of the court and having retired to consider their verdict, returned, on May 28, 1975, a verdict of $2,100.

It is ordered that the property described in the verdict, title to which vested in plaintiffs by order of taking dated September 1, 1971, and effective as of September 17, 1971 — [legal description omitted]

be appropriated to plaintiffs for the purpose of constructing, reconstructing and maintaining a state highway for the use of the general public, including, but not limited to, rights-of-way, borrow pits, drainage ditches, drainage easements and construction easements for a state road.

It is further ordered that the clerk of this court draw a check on the funds on deposit in the registry of the court in connection with this case and mail it, in the event that no appeal is filed within thirty days from the date of this judgment, as follows —

To: Roy Taine and Esther Keilson     $1,220 plus 6% per
c/o Law Offices of Merritt     annum upon said $1,220
& Watson     from Sept. 17, 1971
101 S. Eustis Street     until the date payment
Eustis, Florida     is made.

### *History of the case*

Upon motion of the defendant's attorney, a hearing was held in chambers on June 30, 1975, to determine reasonable costs to be paid by the plaintiffs including attorney's fees as provided in §73.091, Florida Statutes.

Prior to the taking of testimony, it was stipulated between the parties —

1. That reasonable compensation for Mr. Larry King, the defendant's appraiser for preparing the appraisal, preparation for trial, and testifying in the case would be the sum of $400.

2. That Mr. Ernest C. Aulls, Jr., the former attorney for the defendants expended approximately 6 hours upon the case prior to turning the case over to the law firm of Merritt and Watson.

Ronald H. Watson, attorney for the defendants, testified as to his background and qualifications, the work he performed for the defendants, and the time expended which totaled 47.95 hours. Mr. Watson then called two expert witnesses, Mr. Robert Austin and Mr. Neal Huebsch, who both gave their opinions as to the value of the total reasonable attorney's fees for Mr. Aulls' and Mr. Watson's services. Mr. Austin placed the value at $2,156, and Mr. Huebsch's testimony placed the figure at between $465 and $2,300. Additionally, Mr. Austin testified as to his opinion as to what a reasonable expert witness fee would be for Mr. Huebsch, which he stated would be $150. The plaintiffs presented no evidence. Subsequent to the hearing, the defendants' attorney submitted an affidavit as to costs, which lists in addition to the appraisal fee stipulated above and the expert witness fee testified to above, a $30 court reporter's fee for attendance at the hearing on costs.

The plaintiffs contend that a reasonable attorney's fee in condemnation proceedings must vary in direct proportion to the value of the parcel taken. Plaintiffs' attorney elicited on cross examination that it had been a prevalent custom in the past to set a reasonable attorney's fee upon a percentage of the value of the property, usually 10% - 15%.

The defendants contend that the several factors as set forth below in Canon 2 of the Code of Professional Responsibility should be considered in determining a reasonable attorney's fee, but that

especially in small tracts, considerable weight should be given to the lawyer's time expended —

Factors to be considered as guides in determining the reasonableness of a fee include the following:

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
3. The fee customarily charged in the locality for similar legal services.
4. The amount involved and the results obtained.
5. The time limitations imposed by the client or by the circumstances.
6. The nature and length of the professional relationship with the client.
7. The experience, reputation, and ability of the lawyer or lawyers performing the services.
8. Whether the fee is fixed or contingent.

### Issues of fact and questions of law

The only issue of fact or question of law is what is a reasonable attorney's fee for the services of Mr. Watson and Mr. Aulls based upon the facts of this particular case, since Florida Statutes §73.091 provides that the condemning authority will pay all reasonable costs including a reasonable attorney's fee.

### Conclusions of the court

The court finds from the evidence that the attorneys for the defendants expended time preparing the case for trial and the court notes that the time expended by the attorneys probably would not have been quite so much after experience is gained in condemnation work.

The court takes specific notice of the following cases, both of recent vintage, in which the appellate court in each instance reversed as excessive, attorney's fees which were based primarily on the value of the property involved — Dade County v. Oolite Rock Company, 311 So.2d 699 (3rd DCA Fla. 1975); and Manatee County v. Harbor Ventures, Inc., 305 So.2d 299 (2nd DCA Fla. 1975). In both cases the appellate court stated that undue emphasis had been placed on the value of the property and that the effective hourly rate was excessive.

Both cases emphasized that the time expended upon the case is the most important factor. As stated in *Manatee County* at page 301 —

"While the time a lawyer spends on a given case is only one factor to be considered in setting his fee, it must be

> given considerable weight because as has often been said in justifying the size of attorney's fees, 'a lawyer's time is his stock in trade'."

Additionally, the court notes the case of Canal Authority v. Ocala Manufacturing, Inc. & P. Co., 253 So.2d 495 (1st DCA Fla. 1971) wherein the appellate court reversed the lower court's award of attorney's fees as inadequate where the hourly rate of $22.50 per hour was awarded.

The court finds from the testimony of the expert witness that a reasonable fee for the services of Mr. Neal Huebsch as an expert witness is $150. The court also finds that his testimony was a necessary and reasonable cost. The court finds that Robert E. Austin waived his fee for expert witness.

The court finds that the court reporter's cost of $30 for attendance at the hearing on attorney's fees and costs to be a reasonable and necessary cost.

Wherefore, it is adjudged that as to tract 106, the court finds a reasonable attorney's fee for the services of Mr. Aulls and Mr. Watson to be $1,500, and that the costs necessarily expended in defense of this parcel are $580, consisting of $400 appraisal fee, $150 expert witness fee, and $30 court reporter's fee, the attorney's fee and costs being assessed against the plaintiffs.

The clerk is ordered to draw a check to Ronald H. Watson for $1,500 for attorney's fees and $400 to Larry King for appraisal fee and $30 to Alan Hamlin, and $150 to Neal Huebsch for expert witness fee, and mail the check or checks on this parcel to Ronald H. Watson, Merritt & Watson, 101 S. Eustis Street, Eustis, Florida, 32726.