364 So.2d 826 (1978)
F & R BUILDERS, Lennar Corporation and Travelers Indemnity Company, Appellants,
v.
The LOWELL DUNN COMPANY and Liberty Mutual Insurance Company, Appellees.
No. 77-2467.
District Court of Appeal of Florida, Third District.
November 21, 1978.
Rehearing Denied December 18, 1978.
*827 Knight, Peters, Pickle, Niemoeller & Flynn, Miami, and Richard G. Daniels, Coral Gables, for appellants.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Miami, for appellees.
Before BARKDULL, HUBBART and KEHOE, JJ.
BARKDULL, Judge.
F & R Builders, Lennar Corporation, and Travelers Indemnity (third party plaintiffs in the trial court), seek review of a summary final judgment entered in favor of the Lowell Dunn Company and Liberty Mutual Insurance Company, third party defendants in the trial court.
The facts giving rise to the instant case are as follows: F & R Builders was building a shopping center on Marlin Road near U.S. Highway # 1. Other defendants in the trial court (not a party herein) were building a gasoline station in the vicinity. Dunn entered into a contract with F & R to pave the parking lot of the shopping center. Dunn also agreed as to some extras on an equipment rental basis, which included finish grading of the limerock base in the median on Marlin Road. Dunn's written contract was completed March 10, 1972 and the extras on March 14, 1972. At that time inspection of the work revealed no noticeable defects in Marlin Road. Subsequent thereto, subcontractors building the gasoline station dug a ditch across Marlin Road to lay telephone wires and they paved a left-turn lane in Marlin Road. Dunn did no work in this area, nor did it have any of its equipment in the area. Thereafter, the exact time being unknown, a pothole appeared in Marlin Road near the area where the telephone lines were laid and the paving of the left-turn lane. The original plaintiffs, while driving on Marlin Road, struck this pothole, lost control of their vehicle, resulting in an accident wherein they received severe injuries.
The original plaintiffs filed suit against the appellants herein, the appellees and several others. As that cause progressed, the appellees herein, along with some others, were voluntarily dismissed as party defendants. Thereupon, appellants herein filed a *828 third party complaint, seeking indemnification from the appellees based on common law indemnification and/or an alleged oral agreement of indemnification. After dismissal of the third party complaint with leave to amend, a belated amended third party complaint was filed and the third party action was severed from the original negligence action. The remaining defendants in the original action settled that case, and the appellants herein proceeded on their third party complaint seeking indemnification and suffering the adverse summary judgment appealed herein.
We affirm the trial court. In order to obtain indemnification there must be some showing, either actual or by inference, that Dunn created the pothole giving rise to this claim. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Firestone Tire & Rubber Company v. Thompson Aircraft Tire Corporation, 353 So.2d 137 (Fla. 3d DCA 1977); Spring Lock Scaffolding Rental Equipment Company v. Charles Poe Masonry, Inc., 358 So.2d 84 (Fla. 3d DCA 1978). Absent such a showing, Dunn could not be held negligent in any way, so as to permit indemnity. There is a total lack of proof on this issue. All of the evidence clearly shows that Dunn operated no equipment in the vicinity where the pothole appeared and that the pothole did not, in fact, come into existence until subsequent to the departure of Dunn from the area. While it is true there is evidence to the effect that the hole was caused by a tracked vehicle or a back hoe, without something to tie the cause to Dunn it is insufficient to preclude entry of the summary judgment appealed herein. Food Fair Stores of Florida v. Patty, 109 So.2d 5 (Fla. 1959); Holl v. Talcott, supra; Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975). The appellants' contention that they are entitled to a trial on the issues because of their assertion that Dunn was responsible for creation of the pothole because it was caused by heavy equipment is a mere paper issue, there being nothing in the record to support a genuine issue of material fact on this issue. Bared v. Miami Professional Sports, Ltd., 353 So.2d 167 (Fla. 3d DCA 1977). Issues of fact do not arise merely because a party disagrees with the facts established by competent evidence submitted by the moving party in a summary judgment proceeding, nor merely because the party moved against would like the opportunity of having a jury pass upon such facts and make an independent determination as to the correctness thereof. Robinson v. Loyola Foundation, Inc., 236 So.2d 154 (Fla. 1st DCA 1970).
Therefore, as there is nothing to connect the appellee to creation of the condition giving rise to the original negligence action, we find the trial court properly entered the summary final judgment in favor of the appellees herein.
In light of our finding that no negligence of any kind can be attributed to the Lowell Dunn Company, we find the other points raised by the appellants to be without merit.
Based on the foregoing, the summary final judgment appealed herein is hereby affirmed.
Affirmed.
KEHOE, J., dissents.