372 So.2d 512 (1979)
MARCHION TERRAZZO, INC., d/b/a Super Surface Sales, Appellant,
v.
Robert S. ALTMAN, Appellee.
Nos. 78-2042, 78-2047.
District Court of Appeal of Florida, Third District.
June 26, 1979.
*513 Richard Touby, Miami, for appellant.
Weissenborn & Burr and Lee Weissenborn, Miami, for appellee.
Before PEARSON, HUBBART and SCHWARTZ, JJ.
PEARSON, Judge.
These appeals  an interlocutory appeal and an appeal from a final judgment  present the same question in the same case. The question involved is whether an allowance of a $500.00 attorney's fee, pursuant to Section 501.210(3), Florida Statutes (1977),[1] is so inadequate, based upon the record, as to constitute an abuse of discretion. We hold that the trial judge did abuse his discretion and that the order must be reversed under the principles stated in the Code of Professional Responsibility, DR 2-106(B). See also Folmar v. Davis, 108 So.2d 772 (Fla. 3d DCA 1959).
The trial judge recognized the appropriateness of an allowance of an attorney's fee for the defendant in this cause where a violation of the Florida Deceptive and Unfair Trade Practices Act was affirmatively pled as a defense to an action to recover the balance due on a construction contract. At the hearing on the defendant's motion for costs and attorney's fee, the judge had before him an uncontroverted affidavit showing at least 25 hours spent on this aspect of the litigation. The parties also presented, at the court's suggestion, affidavits on the value of the services rendered. The plaintiff's affidavit on the value of these services was based solely on the witness's examination of the file of the plaintiff's attorney. The affidavits of the parties on the value of the services varied so greatly in amount (plaintiff $250; defendant $3,500) that one of them must be wrong.
*514 While the setting of an attorney's fee upon affidavits presented is allowed where neither party objects, it is not the proper method for determining this issue of fact. See Thoni v. Thoni, 179 So.2d 420 (Fla. 3d DCA 1965). Expert witnesses should present testimony showing the basis for the amount suggested to the court.
Although we are usually not inclined to tread upon the trial court's discretion in matters involving attorney's fees, nevertheless, we must do so where we find a clear abuse evidenced in the record before us, see Bryan and Sons Corp. v. Klefstad, 265 So.2d 382, 385 (Fla. 4th DCA 1972), and this principle applies not only where the fee is found to be excessive, but also where it is found to be inadequate. See, e.g., Flagala Corporation v. Hamm, 302 So.2d 195 (Fla. 1st DCA 1974), and Canal Authority v. Ocala Manufacturing Ice and Packing Company, 253 So.2d 495 (Fla. 1st DCA 1971).
It is clear in this case that the fee allowed is not in keeping with time expended and with the novelty and importance of the legal work involved. In addition, the proofs submitted do not support the amount awarded.
The order appealed is reversed and the cause remanded for proceedings in accordance with the views herein expressed.
Reversed and remanded.
NOTES
[1] This section is a part of the Florida Deceptive and Unfair Trade Practices Act. It provides in part:

"501.210 Attorney's fees. 
"(1) In any civil litigation resulting from a consumer transaction involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his reasonable attorney's fees and costs from the nonprevailing party.
"(2) The attorney for the prevailing party shall submit a sworn affidavit of his time spent on the case and his costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case.
"(3) The trial judge shall award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit."