395 So.2d 200 (1981)
Barbara MARCH, Appellant,
v.
Robert MARCH, Appellee.
No. 80-1084.
District Court of Appeal of Florida, Third District.
February 17, 1981.
Rehearing Denied March 27, 1981.
Resnick, Rosenthal & Weiss and Jeffrey H. Rosenthal, David E. Newman, Miami, for appellant.
Robert V. Shea, Coral Gables, for appellee.
Before HUBBART, C.J., and SCHWARTZ and BASKIN, JJ.
BASKIN, Judge.
We reverse the order entered after final judgment awarding the wife attorneys' fees totaling $1,250. The uncontradicted testimony of expert witnesses recommended a reasonable fee of either $8,625 or $7,900 for approximately 115 hours work performed by the wife's attorneys in connection with the dissolution of her marriage to appellee. The award of $1,250 constitutes an abuse of discretion. The court commented that the attorneys performed ably on behalf of their client and no other expert testimony was presented to assist the court in determining the correct amount. In Marchion Terrazzo, Inc. v. Altman, 372 So.2d 512 (Fla. 3d DCA 1979), this court stated:
Although we are usually not inclined to tread upon the trial court's discretion in matters involving attorney's fees, nevertheless, we must do so where we find a clear abuse evidenced in the record before us, see Bryan and Sons Corp. v. Klefstat [sic], 265 So.2d 382, 385 (Fla. 4th DCA 1972), and this principle applies not only where the fee is found to be excessive, but also where it is found to be inadequate. See, e.g., Flagala Corporation v. Hamm, 302 So.2d 195 (Fla. 1st DCA 1974), and Canal Authority v. Ocala Manufacturing Ice and Packing Company, 253 So.2d 495 (Fla. 1st DCA 1971).
It is clear in this case that the fee allowed is not in keeping with time expended and with the novelty and importance of the legal work involved. In addition, the proofs submitted do not support the amount awarded.
372 So.2d at 514. That principle applies in this case. The wife is entitled to funds enabling her to obtain competent counsel. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
We affirm the remainder of the order pertaining to costs and witness fees.
Affirmed in part, reversed in part, and remanded for reconsideration of the testimony *201 previously presented and for the award of reasonable attorney fees to the wife.