410 So.2d 1375 (1982)
Peter G. NOACK f/u/b/o American States Insurance Company, Appellant,
v.
B.L. WATTERS, INC., Appellee.
No. 81-722.
District Court of Appeal of Florida, Fifth District.
March 17, 1982.
Randy Fischer of Haas, Boehm, Brown & Rigdon, P.A., Orlando, for appellant.
George A. Meier, III, and Michael K. Bailey of Pitts, Eubanks & Ross, P.A., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
American States Insurance Company, subrogated to the rights of Peter G. Noack after payment of policy benefits, sued appellee, Watters. American appeals from a summary judgment entered against it.
*1376 Noack contracted with Watters to have a home built and selected a standard house plan offered by Watters. The house was later damaged by a fire which, according to a fire analysis expert, was caused by a propane gas leak that had its origin in a cracked flare nut in the fuel line. The expert further opined that the method of installation of the gas system violated numerous building code sections. The system was installed by an employee of Cal-Gas, a local natural gas firm.
Watters moved for summary judgment contending that it did not design or install the system and had no duty to inspect it. The court granted summary judgment and this appeal followed.
To be entitled to summary judgment, Watters was obligated to show conclusively the absence of any genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Every reasonable inference must be drawn in favor of American as the party against whom the motion was made. Wills v. Sears Roebuck & Company, 351 So.2d 29 (Fla. 1977).
While the record indicates that an employee of Cal-Gas installed the system, this does not end the matter since an employer may be vicariously liable for the acts of independent contractors to whom he delegates a duty expressly undertaken under a specific agreement, Mills v. Krauss, 114 So.2d 817 (Fla. 2d DCA 1959), or which is inherently dangerous.[1]Atlantic Coast Dev. v. Napoleon Steel, 385 So.2d 676 (Fla. 3d DCA 1980); Bialkowicz v. Pan American Condominium No. 3, Inc., 215 So.2d 767 (Fla. 3d DCA 1968). Here the complaint alleged that Cal-Gas was Watters' employee and that Watters was under a duty to exercise reasonable care in the design, construction, inspection and/or supervision of its agents, employees or representatives, including its gas system contractors. American further alleged that Watters' employees, acting within the scope of their employment, were negligent in installing the gas system. Watters denied these allegations.
Watters contends that American failed to produce evidence establishing an employment relation and relies on cases such as Harvey Building Inc. v. Haley, 175 So.2d 780 (Fla. 1965) and F & R Builders v. Lowell Dunn, 364 So.2d 826 (Fla. 3d DCA 1978). In Harvey, the court held that where a motion for summary judgment is supported by evidence which reveals no genuine issue of material fact, it is not sufficient for the opposing party merely to assert that an issue does exist. Rather, the opposing party must come forward with evidence sufficient to generate an issue on a material fact. In F & R Builders, the Third District Court of Appeal restated this principle in noting that issues of fact do not arise merely because a party disagrees with the facts established by competent evidence submitted by the party moving for summary judgment.
This principle is inapplicable here because Watters did not present evidence denying the existence of an employment relationship between itself and Cal-Gas. The only clear evidence in the record indicates that Cal-Gas, not Watters, installed the gas system. There is no evidence indicating whether Noack or Watters was responsible for installation of the system. Watters relies on Noack's testimony in his deposition but viewing this evidence in a light most favorable to American, Wills v. Sears Roebuck & Co., 351 So.2d at 32, it merely indicates that he contacted Cal-Gas to supply gas for the system and not to install the gas lines.
REVERSED.
ORFINGER and SHARP, JJ., concur.
NOTES
[1] The installation of natural gas lines is an inherently dangerous activity. See Farber v. The Houston Corp., 150 So.2d 732 (Fla. 3d DCA 1963); Russell v. Jacksonville Gas Corp., 117 So.2d 29 (Fla. 1st DCA 1960).