418 So.2d 1109 (1982)
BISCAYNE ROOFING CO., a Florida Corporation, Appellant,
v.
PALMETTO FAIRWAY CONDOMINIUM ASSOCIATION, INC., a Florida Corporation, Porter-Russell, a Florida Corporation, and Everett S. Emerson, a Florida Corporation, Appellees.
No. 81-2611.
District Court of Appeal of Florida, Third District.
August 10, 1982.
Rehearing Denied September 24, 1982.
*1110 Horton, Perse & Ginsberg and Mallory Horton, Miami, for appellant.
Lawrence G. Ropes, Jr., Coral Gables, Valdes-Fauli, Richardson & Cobb and William C. Crenshaw, Miami, R.W. Rivenbark, South Miami, for appellees.
Before HUBBART, C.J., and NESBITT and BASKIN, JJ.
BASKIN, Judge.
We affirm the portion of the amended final judgment which found subcontractor Biscayne Roofing liable for damages related to the replacement of a roof it installed on Palmetto Fairway Condominium. The damages resulted from Biscayne's substitution of materials without authorization. Upon discovering the defect, and within the applicable period of limitations,[1] section 95.11(3)(c), Florida Statutes (1975), the condominium association filed an action based upon negligence and breach of warranties.
We concur in the trial court's finding that Biscayne breached its express warranty as well as its implied warranties of fitness and merchantability. Accord Greenway Village South Condominium Associations I, II, III & IV, Inc. v. Roach, 397 So.2d 954 (Fla. 4th DCA), pet. for rev. denied sub nom. Integon General Insurance Corp. v. Greenway Village South Condominium Associations I, II, III & IV, Inc., 408 So.2d 1093 (Fla. 1981). We also agree that Biscayne is liable for its negligent construction. See Navajo Circle, Inc. v. Development Concepts Corp., 373 So.2d 689 (Fla. 2d DCA 1979); Simmons v. Owens, 363 So.2d 142 (Fla. 1st DCA 1978). Although damages may also be recovered from a developer for negligent construction of a condominium, see Drexel Properties, Inc. v. Bay Colony Club Condominium, Inc., 406 So.2d 515 (Fla. 4th DCA 1981); Parliament Towers Condominium v. Parliament House Realty, Inc., 377 So.2d 976 (Fla. 4th DCA 1979), the court found that Porter-Russell, the owner-developer of the condominium engaged in no independent act of negligence. Nevertheless, the court determined that Porter-Russell was vicariously liable to Palmetto for Biscayne's negligence; that Emerson, the general contractor, was vicariously liable to Porter-Russell for Biscayne's negligence; and that Biscayne therefore must indemnify Emerson, which in turn must indemnify Porter-Russell. General Portland Land Development Co. v. Stevens, 395 So.2d 1296 (Fla. 4th DCA 1981); Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980). Indemnification is appropriate when the indemnitees are faultless and the indemnitor is at fault. General Portland Land Development Co. v. Stevens, supra; accord Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979); Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., supra; see F & R Builders v. Lowell Dunn Co., 364 So.2d 826 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 468 (Fla. 1979).
With regard to the cross-appeal, we find error in the amount of attorney's fees awarded. Unrebutted expert testimony called for an award between $19,000 and $25,000. The trial court's award of $10,000 is not supported by the record and constitutes an abuse of discretion. We reverse under the authority of Marchion Terrazzo, Inc. v. Altman, 372 So.2d 512 (Fla. 3d DCA 1979); accord March v. March, 395 So.2d 200 (Fla. 3d DCA 1981); Cowart v. Gilson, 271 So.2d 821 (Fla. 1st DCA 1973); Canal Authority v. Ocala Manufacturing Ice & Packing Co., 253 So.2d 495 (Fla. 1st DCA 1971), cert. denied, 259 So.2d 715 (Fla. 1972).
*1111 Affirmed in part, reversed in part, and remanded for redetermination of the amount of attorney's fees.
NOTES
[1] We reject Biscayne's assertion that the leaks gave rise to a cause of action at an earlier date.