SCHWARTZ, Judge.
This case makes its fourth appearance before us.[1] The last time, Earnest v. Southeastern Fidelity Ins. Co., 407 So.2d 995 (Fla. 3d DCA 1981), it was remanded for the assessment of fees to be granted the insured’s attorney. After a hearing at which the only expert testimony was that *1093 an appropriate award was between $10,000 and $12,000, the trial judge set the fee at $4,000. Ms. Earnest complains that the amount is inadequate. We agree and again reverse on the ground that the order is unsupported by the record and therefore constitutes a clear abuse of discretion. Biscayne Roofing Co. v. Palmetto Fairway Condominium Ass’n, Inc., 418 So.2d 1109 (Fla. 3d DCA 1982); March v. March, 395 So.2d 200 (Fla. 3d DCA 1981); Machion Terrazzo, Inc. v. Altman, 372 So.2d 512 (Fla. 3d DCA 1979). After remand, the trial court may set the fee on the basis of the previous hearing or, in its discretion, take additional testimony.

. Southeastern Fidelity Ins. Co. v. Earnest, 378 So.2d 787 (Fla. 3d DCA 1979); Southeastern Fidelity Ins. Co. v. Earnest, 395 So.2d 230 (Fla. 3d DCA 1981); Earnest v. Southeastern Fidelity Ins. Co., 407 So.2d 995 (Fla. 3d DCA 1981).