429 So.2d 725 (1983)
Sheila Connolly LARSEN, Appellant,
v.
Robert Milton LARSEN, Appellee.
Nos. 82-1083, 82-1097.
District Court of Appeal of Florida, Third District.
March 22, 1983.
Rehearing Denied May 4, 1983.
Arnold Nevins, Miami Beach, for appellant.
Floyd, Pearson, Stewart, Richman, Greer & Weil and Bertha Claire Lee and Robert B. Galt, III, Miami, for appellee.
Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
By this appeal, we are asked to review a final order assessing attorney's fees and costs in a marriage dissolution action. The parties to the action had previously entered into a settlement agreement which provided, in part, as follows:
"...
The Husband agrees that he shall pay to the Wife's attorneys, ARNOLD NEVINS and THOMAS C. KAYSER, ESQUIRES, reasonable attorneys' fees, together with reasonable and necessary costs and expenses that each of them has incurred in their representation of the Wife in both the Florida and Minnesota dissolution cases. The parties agree that the amount of reasonable attorneys' fees, proper costs and expenses to be paid by the Husband to the Wife or her attorneys from both Florida and Minnesota shall be submitted solely to the Court having jurisdiction of this pending dissolution of marriage suit, Case No. 81-2276 (FC-09), for the determination by the Court in the event the parties cannot agree as to the matter of attorneys' fees and costs. Husband and Wife agree that in determining such fees and costs consideration, will be given to work performed and expenses incurred in both the pending Florida and Minnesota dissolution of marriage suits, but that the total amount of such reasonable fees and proper costs will only be submitted to the Florida Court if agreement between the parties themselves as to the amount cannot be reached. Husband shall be fully responsible for payment to his counsel and for costs incurred by them in this litigation.
..."
The parties were unable to agree on an amount of attorney's fees and costs and, accordingly, the wife [Sheila Larsen] filed a proper motion for the assessment of same in the trial court pursuant to the subject agreement. After conducting a full hearing below, wherein evidence was received, the trial court entered an order awarding attorney's fees and costs. The wife appeals.
*726 First, we reverse the $14,000 award of attorney's fees to the wife's Minnesota lawyer, Mr. Kayser, because it is unreasonably low. Although we are reluctant to interfere with the trial court's admittedly wide discretion in setting attorney's fees in cases of this nature, see Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), we are constrained to do so in this case largely because the expert testimony adduced below, including the husband's own expert, estimated the value of the legal services rendered by Mr. Kayser to be from $20,000 to $24,000  $6,000 to $10,000 higher than the amount awarded by the trial court. Ordinarily, the trial court is not bound by such expert testimony, Oncay v. Oncay, 183 So.2d 878 (Fla. 3d DCA 1966); in this case, however, the expert testimony was decisive because all the other evidence in the record, without contradiction, supports such testimony. Without dispute, Mr. Kayser and his law firm spent 145-150 hours on the case and obtained for the wife a truly handsome settlement estimated to be approximately $2 million in value. Based on a settled line of authority, we think the trial court abused its discretion in setting an inadequate amount of attorney's fees for Mr. Kayser in this case. Earnest v. Southeastern Fidelity Insurance Co., 422 So.2d 1092 (Fla. 3d DCA 1982); Biscayne Roofing Co. v. Palmetto Fairway Condominium Ass'n., 418 So.2d 1109 (Fla. 3d DCA 1982); March v. March, 395 So.2d 200 (Fla. 3d DCA 1981); Marchion Terrazzo, Inc. v. Altman, 372 So.2d 512 (Fla. 3d DCA 1979). On remand, the trial court should re-determine the amount of these fees and may, if it so desires, receive additional testimony and evidence thereon.
Second, we reverse the amount of costs awarded in the order under review. It appears from the transcript of the hearing below that the trial court disregarded a large amount of what seem to be reasonable and necessary costs in this action on the theory that only taxable costs were permitted. We cannot agree. The agreement authorized the payment of "reasonable and necessary costs" and was not confined to taxable costs. On remand, the trial court should hold a full evidentiary hearing and re-determine the amount of reasonable and necessary costs incurred by the wife's attorneys herein. Posner v. Flink, 393 So.2d 1140 (Fla. 3d DCA), pet. for rev. denied, 402 So.2d 612 (Fla. 1981).
The order under review is reversed and the cause is remanded to the trial court for further proceedings in accord with the views expressed in this opinion.