446 So.2d 230 (1984)
Mayra URBIETA, Appellant,
v.
Guillermo URBIETA, Appellee.
No. 83-618.
District Court of Appeal of Florida, Third District.
March 6, 1984.
Stabinski & Funt and Cristina De Oliveira, Miami, for appellant.
No appearance for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
This appeal is from orders awarding attorneys' fees of $1,000.00 to appellant's former attorneys and denying rehearing on the fee award in an action for dissolution of marriage.
The law firm of Stabinski & Funt, P.A. was employed by the wife to represent her in an action for dissolution of marriage instituted by the husband, and entered into an agreement which provided that the wife would pay its fees of $100.00 per hour, together with costs and other expenses. After her attorneys had spent many hours in advancing her cause, the wife discharged the Stabinski law firm and hired another attorney. The trial court permitted the substitution and gave the discharged lawyers a charging lien for all fees and costs. Subsequently, the husband and the wife entered into a settlement agreement whereby the husband obligated himself to pay the wife's attorneys' fees and other benefits. The substituted attorney filed a motion to tax costs and assess his fees.
Upon hearing, the Stabinski law firm presented expert testimony stating that *231 $5,800.00 was a reasonable fee. However, the court ordered the husband to pay them only $1,000.00 and the substituted attorney, $3,000.00. The Stabinski law firm filed a motion for rehearing requesting the trial court to consider the employment agreement and the firm's charging lien. Rehearing was denied, but the firm was given leave to file a petition for determination of its fee owed by the wife pursuant to their agreement and the lien. The court denied the petition in view of its prior award of fees to the firm from the husband, and thereafter denied a motion for rehearing.
The wife's former attorneys urge reversal on the ground that the award of attorneys' fees of $1,000.00 on this record was so inadequate as to constitute an abuse of discretion. We agree and reverse.
Where an attorney has been discharged by a client the court is required to determine the reasonable value of the services rendered, limited by the maximum contract fee. See Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982); see also Behar v. Root, 393 So.2d 1169 (Fla. 3d DCA 1981); Adams v. Fisher, 390 So.2d 1248 (Fla. 1st DCA 1980).
It is clear in this case that the fee allowed the wife's former attorneys is not in keeping with the time expended and the importance of the legal services rendered and furthermore, that the evidence, testimonial and documentary, does not support the trial court's rulings as to the award of legal fees to which said attorneys are entitled. March v. March, 395 So.2d 200 (Fla. 3d DCA 1981); Adams v. Fisher, supra; Marchion Terrazzo, Inc. v. Altman, 372 So.2d 512 (Fla. 3d DCA 1979). The court additionally erred in failing to adjudicate the charging lien of the Stabinski law firm. See Baucom v. Baucom, 397 So.2d 347 (Fla. 3d DCA 1981), modified sub nom Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla. 1983) (wife's attorneys not entitled to pursue husband for their fees, despite perfected charging lien, where wife agreed to settlement which made her liable for fees); de la Cruz v. Brown, 338 So.2d 245 (Fla. 3d DCA 1976).
Therefore the orders appealed are reversed and the cause is remanded with directions to enforce the charging lien of the Stabinski law firm and to grant a rehearing on the petition of said attorneys and award them a fee in an amount based upon a further consideration of the record and the controlling principles of law.
Reversed and remanded, with directions.