PLEUS, J.,
concurring in part and dissenting in part.
While I agree that a proper result was reached in the trial court on the claim of Hotel Management Services, Inc. (HMS), I dissent on the cross-appeal issue involving the amount of attorney’s fees awarded to HMS. The uncontroverted expert testimony opined that an attorney’s fee award of $102,450 was appropriate. The trial court arbitrarily reduced the award by $8,000 to $94,450.
CFI Sales & Marketing, LTD. (CFI) did not present the testimony of an expert to challenge the reasonableness of HMS’s expert, or to dispute the actual number of hours HMS’s counsel spent, or the rates HMS counsel charged for its services. The trial court gave no explanation for the $8,000 reduction.
I would reverse and remand for entry of an award of $102,450, which is consistent with the uncontradicted testimony of HMS’s fee expert.
Appellate courts apply an abuse of discretion standard in reviewing the amount of an award of attorney’s fees. Gibbs Constr. Co. v. S.L. Page Corp., 755 So.2d 787, 790 (Fla. 2d DCA 2000). Although trial court discretion should not be disturbed lightly, it is well-settled that an award of attorney’s fees constitutes an abuse of discretion when there is unrebutt-ted evidence supporting the award of a higher amount. See, Larsen v. Larsen, 429 So.2d 725, 726 (Fla. 3d DCA 1983); Biscayne Roofing Co. v. Palmetto Fairway Condominium Ass’n, Inc., 418 So.2d 1109, 1110 (Fla. 3d DCA 1982); Earnest v. Southeastern Fidelity Ins. Co., 422 So.2d 1092, 1093 (Fla. 3d DCA 1982); March v. March, 395 So.2d 200, 201 (Fla. 3d DCA 1981); Marchion Terrazzo, Inc. v. Altman, 372 So.2d 512, 514 (Fla. 3d DCA 1979); Cowart v. Gilson, 271 So.2d 821, 822 (Fla. 1st DCA 1973).
Appellate courts have been particularly quick to reverse inadequate attorney’s fees awards based upon the uncontradicted testimony of an expert witness recommending a higher amount. In Larsen, for example, the third district reversed an order awarding $14,000 in fees to the wife’s attorney in a dissolution proceeding where uncontra-dicted expert testimony established that the value of the legal services was $6,000 to $10,000 higher than the amount the trial court awarded. Id. at 726. Likewise, in Biscayne Roofing, a $10,000 fee award was reversed because the trial court ignored uncontradicted expert testimony calling for an award of $19,000 to $25,000. Id. at 1110. Finally, in March, the trial court abused its discretion where the uncontra-dicted testimony of the expert witnesses recommended a fee that was approximately $7,000 greater than the amount the trial court awarded, and the trial court itself commented that the attorneys had “performed ably on behalf of their client.” Id. at 200. See also Earnest, 422 So.2d at 1092 (reversing fee award as inadequate where court awarded $4,000 despite unre-butted expert testimony that an appropriate award was $10-12,000).
In this case, as in Larsen, Biscayne Roofing, March, and Earnest, the trial court heard uncontradicted testimony from *1028 Mr. Bloodworth that $102,450 was a reasonable fee for the services of HMS’s counsel in this case. His testimony was not challenged by any other expert witness. CFI, in fact, did not dispute the number of hours HMS’s counsel spent on the case, the rates charged by HMS’s counsel for its services, or the excellence of the result obtained for HMS in this case. Cf Larsen, 429 So.2d at 726 (noting that the “expert testimony was decisive” because the time spent on the case and the results obtained for the client were not disputed). In these circumstances, the trial court abused its discretion in awarding less than the amount recommended by Mr. Bloodworth, and the award should be reversed accordingly and remanded with instructions to enter an award of $102,450.