ALTENBERND, Judge.
The former wife appeals an order denying her motion to modify child support. After conducting an evidentiary hearing, the trial court initially decided that the wife was entitled to an increase in child support. Thereafter, the court received updated financial affidavits establishing that the husband’s earnings had substantially increased in recent years. Nevertheless, for reasons that are not clear to this court, the trial court changed its decision and denied the modification. We reverse and remand for a new determination of child support.
The parties were divorced in 1985. Pursuant to a stipulation signed in June 1984, child support for their three sons was set at a total of $600 per month in the initial judgment of dissolution. At that time the children were ages 5, 11, and 13. The husband was given title to the family home, but the wife and children were allowed to live in it, essentially without expense, for at least thirteen years. On appeal, that judgment was reversed, but only as to the issue of alimony. Kirchen v. Kirchen, 484 So.2d 1308 (Fla. 2d DCA 1986). On remand, the husband was ordered to pay rehabilitative alimony of $600 per month for three years.
In July 1988, the husband moved to modify the judgment, alleging that his income was much less than he had previously earned. He was having difficulty making payments on the house and keeping it in good repair. In August 1988, the parties stipulated to an end of rehabilitative alimony and to a transfer of the house and its associated debt to the wife. Additionally, the wife agreed to assume responsibility for a $9,000 marital debt.
At the time of the 1988 stipulation, the oldest child was away attending college and the other two children were living with the mother. The parties agreed to increase child support to $300 per month for each of the two remaining children through August 1989. This effectively continued the established $600 per month payment for an additional year. The stipulation provided that child support would return to $200 per month for each of the two children in September 1989. This agreement expressly states that it was reached in light of the fact that the husband’s “past income earning capacity ... was significantly greater than his present income earning capacity.” It is this $200 amount that the wife sought to increase.
The parties agree that a trial court is authorized to modify child support when there has been “a substantial change in the circumstances of the parties.” § 61.-13(l)(a), Fla.Stat. (1989). That change must be “significant, material, involuntary and permanent in nature.” Burdack v. Burdack, 371 So.2d 528, 529 (Fla. 2d DCA 1979). The husband correctly notes that we have placed a heavier burden on a party seeking to modify stipulated child support than have other district courts. Compare Burdack with Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986). That conflict, however, does not affect our ruling in this case because our outcome would be the same under the rule announced in Bernstein.
The parties disagree over the date from which to measure the substantial change. We do not need to resolve this issue because there has been a substantial change in the parties’ circumstances, even viewed *131 from the date of the last stipulation in August 1988. The wife’s needs have increased as the sons have become older.[1] The husband’s financial affidavits establish that his net monthly income in May 1990 was in excess of $5,000.[2] His affidavit in February 1985 shows a net monthly income of $2,900. From his 1988 income tax return, it is clear that an accurate financial affidavit for that year would have placed the husband’s net monthly income at approximately $3,500. The circumstances requiring an increase in child support in this case are quite similar to those justifying an increase in Brooks v. Brooks, 423 So.2d 995 (Fla. 3d DCA 1982). Accordingly, we reinstate the trial court’s initial decision to grant an increase in child support and remand for a determination of that amount.
Reversed and remanded.
CAMPBELL, A.C.J., and LEHAN, J., concur.

. The second son has turned 18 since the time of the hearing and the order on the motion for modification. Thus, without a modification the total support will become $200 per month.

. We note that the husband is providing $200 in monthly support for each of his two minor sons while leasing a Porsche for $700 per month and spending $1,000 per month on entertainment. See Slimer v. Slimer, 112 So.2d 581 (Fla. 2d DCA 1959); Wanstall v. Wanstall, 427 So.2d 353 (Fla. 5th DCA 1983).