COPE, Judge.
The State of Florida, Department of Revenue, and Nilsa R. Averhoff appeal an award of administrative costs in a paternity proceeding.
In 1994 the state child support enforcement agency filed a paternity action on behalf of the mother, appellant Nilsa R. Averhoff.[1] This was a Title IV-D case. See § 409.2557, Fla.Stat. (1993); Thaysen v. Thaysen, 583 So.2d 663, 665-66 (Fla.1991); 42 U.S.C. §§ 651-69; Fla.R.Civ.P. 1.491. Paternity was not disputed and a child support order was entered.
Because the appellant mother’s income was significantly greater than that of the appellee father, Cordell J. Atherley, the support enforcement hearing officer ordered that statutory administrative costs, see *470 § 409.2554(11), Fla.Stat. (Supp.1994), be paid fifty percent by the mother and fifty percent by the father. The agency and the mother filed a motion before the circuit judge to vacate the assessment of administrative costs against the mother. See Fla.R.Civ.P. 1.491(f). The court denied the motion and this appeal follows.
The applicable statute provides in part: In Title IV-D cases, any costs, including filing fees, recording fees, mediation costs, service of process fees, and other expenses incurred by the clerk of the circuit court, shall be assessed only against the nonpre-vailing obligor after the court makes a determination of the nonprevailing obli-gor’s ability to pay such costs and fees.
§ 409.2567, Fla.Stat. (Supp.1994) (emphasis added); see also § 742.045, Fla.Stat. (1993). The statute is clear that administrative costs can be assessed only against a nonprevailing obligor, not an obligee. § 409.2567, Fla.Stat. (Supp.1994); see Department of Health & Rehabilitative Servs, v. Coyle, 624 So.2d 400, 401 (Fla. 5th DCA 1993). The obligor in this case is the father. See § 409.2554(6), Fla. Stat. (Supp.1994). The court erred by awarding costs against the obligee mother.
The agency and the mother do not seek, however, to increase the assessment of administrative costs against the father. Under the statute, administrative costs are to be assessed against a nonprevailing obligor upon a determination of the nonprevailing obligor’s ability to pay. Id. § 409.2567. The agency and the mother concede in essence that the father does not have the ability to pay an amount in excess of the amount already ordered, or that the cost of further proceedings would exceed the benefit to be derived. Consequently, we simply strike that part of the order which imposes an obligation on the part of the appellant mother to pay administrative costs.
Affirmed as modified.

. The complaint was drafted and verified by the mother in June, 1994, when the Department of Health and Rehabilitative Services was Florida’s Title IV-D child support enforcement agency. See §§ 409.2554(1), 409.2557, Fla.Stat. (1993). Effective July 1, 1994, the child support enforcement program was transferred to the Department of Revenue. Ch. 94-124, § 1, Laws of Fla.; §§ 409.2554(1), 409.2557, Fla.Stat. (Supp.1994). Accordingly, in this proceeding the Department of Revenue has been substituted for the Department of Health and Rehabilitative Services. Ch. 94-124, § 1(3), Laws of Fla.