722 So.2d 243 (1998)
Diane B. FISHER, Appellant,
v.
Larry B. FISHER, Appellee.
No. 98-00273.
District Court of Appeal of Florida, Second District.
December 9, 1998.
*244 Stephen R. Ostrow of Law Offices of Frederick C. Kramer, Marco Island, for Appellant.
Antonio J. Perez-Benitoa of Faerber, Cliff & Perez-Benitoa, Naples, for Appellee.
NORTHCUTT, Judge.
We reverse a postdissolution order that modified the Fishers' mutual obligations under the final judgment dissolving their marriage, and increased the amount of child support. When sorting out the parties' respective obligations, the circuit court credited payments and offsets to principal without calculating accrued interest. Further, the parties concede error in the court's failure to make requisite findings to support the child support order.
As part of the equitable distribution ordered in the April 1996 final judgment, Mr. Fisher was ordered to pay Ms. Fisher $31,386.39 in exchange for her interest in the marital home and a business. At the same time, the court directed Ms. Fisher to pay $3,191.71 as her share of the children's past medical expenses. These obligations were to accrue ten percent interest from March 23, 1996. The court also set $200 as the monthly amount of child support due Mr. Fisher as the children's primary residential custodian, and it ordered Ms. Fisher to bear half of the children's future uncovered medical and tuition expenses. Neither party appealed.
In September 1997, Mr. Fisher filed a motion for contempt on the grounds that Ms. Fisher had made no payments toward the children's medical or tuition expenses, nor had she executed a quitclaim to the marital home. Mr. Fisher also sought modification of child support, alleging increases in Ms. Fisher's income and the children's needs. Ms. Fisher filed an answer denying any increase in her income or the children's needs, and a counterpetition asking the court to recalculate Mr. Fisher's income and the proper child support guideline amount. She alleged no substantial change in circumstances to justify such a recalculation, instead arguing that a review of Mr. Fisher's financial information would indicate that, according to industry standards in his field, his income was far higher than he stated in his financial affidavit.
When the matter was heard on December 15, 1997, the court declined to hold Ms. Fisher in contempt, but it directed her to quitclaim the home to Mr. Fisher within fortyeight hours. The court required Mr. Fisher to execute a promissory note and mortgage in favor of Ms. Fisher in the amount of $19,997.16, at ten percent interest. This obligation was to be paid in monthly installments of $400 beginning in January 1998, with the entire unpaid balance to balloon on the fifth anniversary.
In this fashion, the court effectively consolidated the parties' respective obligations. It arrived at the sum of $19,997.16 as follows: *245 From the $31,386.39 owed to Ms. Fisher for her interest in the home and business, the court subtracted $5,000 in installments Mr. Fisher had paid toward the obligation, Ms. Fisher's unpaid $3,191.71 share of the children's medical expenses preceding the final judgment, and $3,197.52 as her share of additional children's medical expenses that Mr. Fisher had incurred since the final judgment. The court also increased monthly child support to $250 without any explanation.
The court's approach to resolving the Fishers' dispute was reasonable, but it erred by failing to take into account the interest accrued on the sums the parties were directed to pay in the final judgment. Generally, interest begins to accrue on sums awarded in a final judgment upon its entry. See Merchant v. Merchant, 433 So.2d 633 (Fla. 1st DCA 1983). In this case, the final judgment provided that interest was to accrue beginning March 23, 1996. Because the additional postjudgment medical expenses credited to Mr. Fisher were not specified in the final judgment, that amount, $3,197.52, did not accrue interest prior to December 15, 1997. On remand, the court shall recalculate the amount of Mr. Fisher's note and mortgage after allowing for the interest that accrued on the parties' respective obligations.
We reverse the court's order as to child support, and we remand for the court to make the required findings. A trial court is authorized to modify child support when there has been a substantial change in the parties' circumstances. See § 61.13(1)(a), Fla. Stat. (1997); Kirchen v. Kirchen, 595 So.2d 129, 130 (Fla. 2d DCA 1992). That change must be significant, material, involuntary and permanent in nature. Id. The court may order payment of child support in an amount that varies more than five percent from the guideline amount only upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate. See § 61.30(1)(a), Fla. Stat. (1997). When ruling on a petition to modify child support, the statute "require[s] the trial court to consider the appropriate statutory criteria, and to make appropriate findings of fact to support its rulings." State, Dept. of Revenue on Behalf of Young v. Sumblin, 675 So.2d 691, 692 (Fla. 1st DCA 1996). In this case the court ordered an increase in the child support amount from $200 to $250, a 25% increase, without making findings to explain or support its ruling.
Although the order under review did not expressly rule on Ms. Fisher's counterpetition, it was impliedly denied. Because Ms. Fisher alleged no substantial change of circumstances in the counterpetition, we cannot conclude that the court abused its discretion in denying it.
Reversed and remanded for further proceedings.
PATTERSON, A.C.J., and DANAHY, PAUL W., Senior Judge, concur.