BLUE, Acting Chief Judge.
Donald Seward appeals the denial of his petition for a reduction in child support; he argues that a downward modification is warranted based on a substantial change in circumstances. We agree and, accordingly, reverse.
The trial court adopted the general master’s recommended order, which found that Seward voluntarily left his previous employment, failed to show a diligent effort to obtain comparable employment, and thus failed to produce sufficient evidence to show a permanent change. After a careful review of the record on appeal, we conclude that the general master’s findings are not supported by the evidence.
In December 1996 or January 1997, Seward went on medical leave due to problems resulting from an incident or threatened incident of workplace violence. At the time, Seward was earning approximately $33,000 per year. Seward sought treatment and was advised not to return to work unless the employer was able to resolve the situation. The employer failed to do so, and Seward sought other employment.
Seward testified that he sent out nearly 40 applications and resumes for similar work but nothing materialized. Within a year, Seward obtained full-time employment. At the time of the hearing in this case, Seward had been working at his new job for two years and was earning approximately $18,000 a year.
“A trial court is authorized to modify child support when there has been a substantial change in the parties’ circumstances. That change must be significant, material, involuntary and permanent in nature.” Fisher v. Fisher, 722 So.2d 243, 245 (Fla. 2d DCA 1998) (citations omitted). On appeal, the standard of review is abuse of discretion. See Freeman v. Freeman, 615 So.2d 225 (Fla. 5th DCA 1993). Because the clear evidence showed a substantial change in circumstances, the trial court abused its discretion in denying the petition for modification of child support. Therefore, we reverse. On remand, the trial court shall compute Seward’s child support obligation based on his current employment.
Reversed and remanded.
SALCINES and DAVIS, JJ., concur.