GREEN, Acting Chief Judge.
The Department of Revenue challenges the portion of the trial court’s final judgment of dissolution of marriage between Sonia L. Troutman and Craig K. Troutman which required each party to repay one-half of the amount of public assistance benefits the wife received on behalf of the couple’s minor child and attorney’s fees and court costs incurred by the department. We agree and reverse.
The department’s argument as to repayment of public assistance benefits is supported by statute and case law. Section 409.2561(1), Florida Statutes (Supp. 1998), provides that payment of public assistance made for the benefit of a dependent child creates an obligation of repayment. If there is no prior support order, the court must establish the liability of the obligor for reimbursement. An obligor is defined as “a person who is responsible for making support payments pursuant to an alimony or child support order.” § 409.2554(6). Section 409.2561(4) expressly excludes the custodial parent from liability for reimbursement. See also Dep’t of Health & Rehab. Servs. v. D ’Andrea, 542 So.2d 1869 (Fla. 2d DCA 1989) (holding that a custodial parent is not obligated to repay public benefits received on behalf of a minor child). The former wife in this case is the custodial parent. Thus, the trial court erred in ordering her to repay one-half of the public assistance benefits she received on behalf of the couple’s minor child. The husband, who does not have custody of the minor child, is the obligor and is therefore obligated to repay to the department the public assistance benefits received by the wife.
The department is also correct that fees and costs can only be assessed against an obligor but not against a custodial parent. Section 61.16, Florida Statutes, provides that “[i]n Title IV D cases, attorney’s fees ... and costs ... shall be assessed only against the nonprevailing obli-gor....” See also § 409.2567, Fla. Stat. (Supp.1998) (“costs ... shall be assessed only against the nonprevailing obligor ...”). The former wife in the present case is not an obligor and, thus, cannot be held liable for any fees or costs. Therefore, we also reverse the provision in the final judgment requiring the wife to repay a portion of attorney’s fees and court costs incurred by the department. The fees and costs should be assessed against the husband based on his ability to pay.
Reversed and remanded with directions.
CASANUEVA and STRINGER, JJ., Concur.