816 So.2d 714 (2002)
Rosemarie SPANO, Appellant,
v.
Dennis E. BRUCE, Appellee.
No. 3D02-192.
District Court of Appeal of Florida, Third District.
April 25, 2002.
Rehearing Denied June 5, 2002.
Sharon C. Degnan and Diane H. Tutt (Plantation), for appellant.
John H. Lipinski, Hollywood, for appellee.
Before SCHWARTZ, C.J., and GREEN and RAMIREZ, JJ.
*715 PER CURIAM.
The mother appeals the trial court's order granting the father's supplemental petition to modify visitation wherein the court modified the parties' mediated settlement agreement, which had been previously adopted by the court, to immediately suspend the mother's right to any unsupervised visitation or any telephone contact with the parties' minor daughter. The mother asserts, and we entirely agree, that this order of modification was a gross abuse of the lower court's discretion as the record failed to show a substantial change in circumstances and detrimental harm to the child. See Perez v. Perez, 767 So.2d 513 (Fla. 3d DCA 2000); see also Muniz v. Muniz, 789 So.2d 370 (Fla. 3d DCA 2001). The record reflects that whatever may have transpired subsequent to the entry of the mediated settlement agreement to prompt the father's supplemental petition had absolutely nothing to do with the mother's relationship with the child and everything to do with the mother's relationship with the father. As the supreme court has long recognized, visitation privileges should never be denied to either parent so long as the parent conducts himself or herself, while in the presence of the children, in a manner which will not adversely affect the morals or welfare of such progeny. See Yandell v. Yandell, 39 So.2d 554, 555 (Fla.1949); accord Booker v. Booker, 636 So.2d 796 (Fla. 1st DCA 1994); Baker v. Baker, 366 So.2d 873 (Fla. 4th DCA 1979). The parent has a constitutionally protected "inherent right to a meaningful relationship with his [or her] children." See Schutz v. Schutz, 581 So.2d 1290, 1293 (Fla.1991).
The record evidence in this case reveals that the minor daughter, despite the absolutely abominable behavior of both her parents towards each other, has somehow remained a normal, well-adjusted child who continues to excel in her school's gifted program. Moreover, despite the parents' shameful behavior in the proceedings below, it is undisputed that they both deeply love and care about the welfare of their minor daughter. We simply do not understand how the child's best interests could possibly be served in this case by depriving her of any meaningful relationship with one of her loving parents (i.e. the mother). We can only surmise that the trial court's rigid reliance upon the opinions of various psychologists may have skewed its view of the evidence presented (or not presented) in this case.
In her specially concurring opinion in Keesee v. Keesee, 675 So.2d 655 (Fla. 5th DCA 1996), Judge Griffin offered some very telling insights, with which we agree, into the problems associated with trial courts' extreme reliance upon the opinions of psychologists in family cases:
These experts conduct interviews, sometimes do tests and then are allowed to render opinions on an extraordinary range of subjects. They have been allowed to offer opinions on why a child nestles with its parent (no, it's not necessarily love), whether someone is prone to domestic violence, who is telling the truth and who is "in denial." Yet, no one seems to be able to muster any measure of the competence or the reliability of these opinions. On the one hand, it is certainly desirable to bring before the court as much evidence as possible to assist the trial court in making the best decision concerning the raising of children in families torn by divorce. On the other hand, rules of evidence exist for a reason, and the issue of competency of such a broad reach of expert testimony is not something that should be taken lightlyparticularly in such cases where there is frequently little other objective or disinterested evidence *716 on which the court can rely. These psychological evaluations in many cases amount to no more than an exercise in human lie detection.
Id. at 659.
For all of the foregoing reasons, we reverse the order granting the father's supplemental petition to modify visitation and remand with instructions that the terms of the parties' mediated settlement agreement be restored. However, since the mother has effectively been deprived of any meaningful visitation with her daughter since the court's temporary order suspending the same July 27, 2001, on remand we are directing the trial court to expeditiously award additional "make-up visitation" to the mother to compensate for all visitation lost since that date. See LaLoggia-Vonhegel v. Vonhegel, 732 So.2d 1131 (Fla. 2d DCA 1999) (award of makeup or additional visitation may serve to redress the wrong to a parent).
This decision shall take effect immediately without regard to the filing or disposition of any motion for rehearing.
Reversed and remanded with instructions.