PER CURIAM.
The Department of Revenue contends that the trial court erred in ordering the former wife (the nonprevailing obligee) to pay attorney’s fees and costs to the former husband (the prevailing obligor) after determining that the post-dissolution proceedings on the former husband’s motion to determine child support arrearage and overpayment did not constitute an action under Title IV-D of the Social Security Act. Pursuant to section 61.16(1), Florida Statutes (2001), a prevailing obligor is not entitled to recover attorney’s fees and costs from a nonprevailing obligee in a Title TV-D case. See Fla. Dep’t of Revenue ex rel. Troutman v. Troutman, 805 So.2d 56 (Fla. 2d DCA 2001). In this case, the only issue was whether the Department was made a party to the proceedings on the former husband’s motion so as to *1117 convert it into a Title IV-D action. The trial court concluded that the Department was not a party because it never filed a motion to intervene. However, the Department correctly argues that it was not required to file a motion to intervene because it was named as a party in the former husband’s motion and participated throughout the proceedings on the motion without objection until it opposed the former husband’s request for attorney’s fees and costs. Because the trial court erred in concluding that the Department had to file a motion to intervene before the proceedings could be considered a Title IV-D action, we reverse the trial court’s order directing the former wife (the nonprevail-ing obligee) to pay attorney’s fees and costs to the former husband.
REVERSED.
BROWNING, C.J., WEBSTER, and PADOVANO, JJ., concur.