ON MOTION FOR REHEARING
 

 PER CURIAM.
 

 Upon consideration of appellant Rosemarie Spano’s motion for rehearing, we withdraw this Court’s opinion issued on August 11, 2010, and substitute the following opinion in its stead.
 

 Spano appeals the trial court’s Order on Exceptions to Report of General Magistrate.
 
 [1]
 
 We reverse the trial court’s child support modification retroactive to the date on which Spano first moved for modification, rather than the date on which she filed her second amended petition for modification. We also reverse the court’s denial of the mother’s request for attorney’s fees and costs.
 

 The underlying action involves a paternity suit in which the parties entered into a Mediation Settlement Agreement which the trial court ratified and approved in its Agreed Final Judgment Modifying Parental Responsibility and Other Matters of
 
 *4
 
 April 2001. Since the parties entered into the 2001 mediation agreement, the case has been before this Court on several occasions.
 
 [2]
 

 1. Factual Background
 

 Under the Mediation Agreement, child support was abated for a period of two years, and either party could apply for a modification of child support after the two-year period. On May 1, 2003, two years after the court approved the Mediation Agreement, the mother moved for modification of child support. The trial court entered an order which, in pertinent part, stated that if the court granted the mother’s petition for modification of child support, the court could make changes retroactive to the date of the filing of the petition.
 

 In July of 2004, the mother moved to amend her petition for modification. The father thereafter moved to dismiss. He argued that the court should dismiss the petition for modification because he had never been served a copy of the petition within the statutory requisite 120 days. He further argued that the court should dismiss the amended petition based upon the mother’s failure to prosecute the petition for modification within the statutory requirement of one year.
 

 The trial court granted the father’s motion, without prejudice, on the ground that service on him had not been perfected within 120 days. The court denied the father’s motion to dismiss on the grounds that the mother had failed to prosecute the petition within one year.
 

 On January 6, 2006, the mother filed an affidavit of return of service for the father. The return of service affidavit indicates that the father received individual service of the petition on May 14, 2008.
 

 The mother filed her second amended petition on August 31, 2006. She sought a reduction in child support, retroactive to the date of filing the original petition of May 1, 2003. The State Attorney’s Office represented the father in this proceeding.
 

 In the General Magistrate’s subsequent Interim Report, the magistrate granted the mother’s request for downward modification of child support. The mother argued that the reduction should be made retroactive to the date on which she first sought to modify in May of 2003, to which the father argued that the reduction should be made retroactive to the date when the mother filed her amended petition for modification in July of 2004.
 

 The court based its child support modification ruling on the fact that the mother’s petition and amended petition were dismissed in December 2005 and, although the dismissal was without prejudice, it occurred within months prior to the time during which the mother filed her second amended petition for modification. The court held that the second amended petition for modification was a new case for which the mother paid a filing fee.
 

 The General Magistrate also considered the mother’s claim for attorney’s fees and costs incurred in connection with the modification proceeding. The father argued that this was a Title IV-D case, under which the mother would not be entitled to recover attorneys fees as the non-prevailing obligor. In response, the mother argued that this was not a Title IV-D case because the Department of Revenue was never named a party. Additionally, the mother argued that the Department of
 
 *5
 
 Revenue never intervened, and thus under controlling law, this was not a Title IV-D case, despite the fact that the State Attorney’s Office provided representation to the father.
 

 The General Magistrate rejected the father’s argument that this was a Title IV-D case. The General Magistrate ruled that due to the much greater income and assets of the father as compared with the mother’s lesser income and minimal assets, the father should be required to pay for part of the mother’s attorney’s fees and costs. The General Magistrate found $80,644.16 to be a reasonable amount for the mother’s attorney’s fees and costs and recommended that the father be required to pay $24,515.82, plus eighty per cent of the mother’s post-hearing fees.
 

 The court disagreed with the General Magistrate and denied the mother’s request for attorney’s fees and costs on the grounds that this was a Title IV-D case and the law only authorized fees against the non-prevailing obligor, and the father was the prevailing obligee. The court rejected the mother’s argument that in order for this to have been a Title IV-D case, the Department of Revenue had to have been named as a party or intervened in the case.
 

 Both parties filed exceptions to the General Magistrate’s conclusions. On December 14, 2007, the trial court entered its Order on Exceptions to Report of General Magistrate. The court ruled in favor of the father.
 

 2. Child Support Modification
 

 We first turn to the issue of whether the trial court committed error in its child support modification. We agree with the mother that the trial court’s failure to make her modification of child support retroactive to the date on which she first filed her petition for modification on May 1, 2003, constituted error.
 

 The abuse of discretion- standard governs the review of trial court orders that modify child support modifications.
 
 See Alois v. Alois,
 
 937 So.2d 171 (Fla. 4th DCA 2006). The trial court’s authority to order a reduction in a child support obligation retroactive to the date on which a petition for modification is filed is clear.
 
 See Miles v. Champlin,
 
 805 So.2d 1085, 1086 (Fla. 1st DCA 2002) (“[A] trial court may ‘modify an order of support ... by increasing or decreasing the support ... retroactively to the date of the filing of the action or supplemental action for modification as equity requires’ ”) (citation omitted). Furthermore, child support modifications should be made retroactive to the time when the petition for modification was filed.
 
 See Batts v. Batts,
 
 600 So.2d 1301 (Fla. 5th DCA 1992).
 

 When the trial court dismissed the mother’s initial petition for modification, the trial court treated the second amended petition for modification as the mother’s initial pleading which did not relate back to any other pleading. Thus, the court denied the mother’s request for modification of child support retroactive to May of 2003, when the mother filed her original petition for modification. We conclude that this determination constituted error.
 

 The mother’s alleged failure to serve the father within 120 days resulted in the trial court’s order that granted the father’s motion to dismiss the original petition. The trial court dismissed the initial petition based upon a false representation that the father had not been served with a copy of the petition. The father indeed had received timely service of the original petition for modification, approximately two weeks after the mother had filed her petition.
 

 
 *6
 
 Notwithstanding that the father had received timely service of the original petition, he misrepresented this fact to the trial court when he moved to dismiss the mother’s amended petition for modification. In his motion to dismiss, the father argued that the court should dismiss the original petition because he was never served within the requisite 120 days. Thus, the father was well aware of the initial modification proceeding, and he should not be allowed to benefit from his own wrongdoing.
 
 See Dep’t of Revenue v. Jackson,
 
 846 So.2d 486, 498 (Fla.2003) (holding that equitable principles apply to child support proceedings).
 

 Although the mother did not move for reconsideration of the order of dismissal, she was, nonetheless, entitled to file her second amended petition as the court dismissed her initial amended petition without prejudice. Further, the father never objected to the filing of a second amended petition.
 

 Additionally, the mother’s child support modification should be made retroactive to the time when she filed her first petition for modification because the mother’s reduced income occurred in 2003. Where the circumstances that give rise to a modification of child support exist at the time during which a petition for modification is filed, failure to order the modification retroactive to the date of the filing of the petition constitutes an abuse of discretion.
 
 See Levi v. Levi,
 
 780 So.2d 261, 263 (Fla. 3d DCA 2001). As a result, the retroactive date for the purpose of child support modification is the date on which the mother first filed her petition for modification on May 1, 2003.
 

 3. Attorney’s Fees and Costs
 

 The abuse of discretion standard governs the review of an award of attorney’s fees.
 
 See Bateman v. Serv. Ins. Co.,
 
 836 So.2d 1109 (Fla. 3d DCA 2003). Where entitlement to attorney’s fees depends upon the interpretation of a statute, however, the standard of review is de novo.
 
 See Iannuzzelli v. Lovett,
 
 981 So.2d 557, 559 (Fla. 3d DCA 2008). Here, a review of the attorney’s fee award in the mother’s favor appears inadequate, and the attorney’s fee order lacks the requisite findings to justify the award. An inadequate award of attorney’s fees is subject to reversal.
 
 See Urbieta v. Urbieta,
 
 446 So.2d 230 (Fla. 3d DCA 1984);
 
 Marchion Terrazzo, Inc. v. Altman,
 
 372 So.2d 512 (Fla. 3d DCA 1979).
 

 Section 61.16, Florida Statutes (2009), provides for Title IV-D cases and non-IVD family law cases. In Title IV-D cases, section 61.16 states that attorney’s fees may only be assessed against the non-prevailing obligor. In this case, the father is the non-prevailing obligor.
 
 [3]
 

 The issue here is whether the presence of the Department of Revenue, as the state agency enforcing the child support payment of the mother, and the State Attorney’s office as the legal services provider, automatically converts this case into a Title IV-D case. We find that all child support cases that are administered by the Department of Revenue are considered Title IV-D cases, despite the fact that the Department of Revenue has not been named a party to the case.
 

 While sections 61.16 and 409.2564(5), Florida Statutes (2009), discuss Title IV-D cases, neither requires that the Depart
 
 *7
 
 ment of Revenue be a party to the case for it to be a Title IV-D case. Furthermore, the mother relied on
 
 Satchell v. Satchell,
 
 949 So.2d 1116 (Fla. 1st DCA 2007) where the court determined that the Department of Revenue was already a party to a case, therefore making it a Title IV-D proceeding.
 
 Id.
 
 While the Department of Revenue, as a party to a case, does convert the case into a Title IV-D case, the issue here is whether a case can still be considered a Title IV-D case even if the Department of Revenue is not a party.
 

 Persons eligible for Title IV-D aid include all those who apply for enforcement or support of child support collection services.
 
 See
 
 § 409.2557(2), Fla. Stat. (2009). The State Attorney’s Office represented the father in his defense of the mother’s child support proceeding, a right available to any parent, irrespective of whether the parent is indigent. This representation automatically converted this case into a Title IV-D case. The legislative intent behind the State’s enforcement of support for financially dependent children by persons responsible for their support is to augment additional remedies directed to the resources of the responsible parents.
 
 See
 
 § 409.2551, Fla. Stat. (2009). That intent supports the conclusion that the state legislature meant for the Department of Revenue to use its Title IV-D power to enforce child support collection against those parents who have not fulfilled their financial obligations.
 

 Thus, the trial court was correct when it concluded that this was a Title IV-D case. However, because the father is now the non-prevailing obligor under section 61.16, the mother’s claim for attorney’s fees against the father is permitted.
 

 4. Conclusion
 

 In conclusion, the trial court incorrectly denied the mother’s request that her petition for modification be retroactive to the date on which she filed her first modification proceeding in 2003. We therefore reverse the trial court’s order in which it denied retroactive modification of child support to the date on which the second modification proceeding commenced. We also reverse the trial court’s denial of attorney’s fees in the mother’s favor.
 

 Reversed and remanded.
 

 [1]
 

 . She also appealed the trial court’s order on attorney's fees and costs entered on November 26, 2007. Appellee Dennis E. Bruce confessed error to the extent that the trial court failed to make specific findings of fact when it awarded $6000 in attorney’s fees in Spano’s favor. Accordingly, this Court remanded the cause to the trial court on February 23, 2009, so that it could make specific findings in support of the $6000 award. The trial court has since entered its attorney's fees order upon remand, but that order does not constitute part of the case before us.
 

 [2]
 

 .
 
 See In re BB,
 
 820 So.2d 409 (Fla. 3d DCA 2002);
 
 Spano v. Bruce,
 
 816 So.2d 714 (Fla. 3d DCA 2002).
 

 [3]
 

 . In this Court’s August 11, 2010 opinion, the father was the prevailing obligee in light of this Court’s affirmance of the trial court's dismissal of the mother’s initial petition for modification and denial of attorney’s fees in favor of the mother. The father is now the non-prevailing obligor.