BLACK, Judge.
In this postdissolution proceeding, Peter Hoffman, the former husband, challenges the trial court’s order requiring him to pay monthly child support of $969.48.[1] He argues that the court lacked competent, substantial evidence on which to find the former husband’s monthly income was $3000 and, as a result, abused its discretion in basing the child support calculation thereon. We agree.
At the evidentiary hearing on the supplemental petition to modify parenting plan and other relief filed by Melodie Hoff *197 man, the former wife, both the former husband and the former wife testified regarding the former husband’s employment. The former husband testified that after looking for employment as a teacher in Florida and in Michigan and finding none, he accepted a teaching position in the People’s Republic of China. He submitted a letter from his employer, Sino-star Foreign Language Institute Training Center, stating that his income for the period of December 13, 2010, to June 17, 2011, was 39,547 Chinese Yuan. The former husband testified that the exchange rate at that time was 6.5 Chinese Yuan to one U.S. Dollar. He also submitted evidence that his annual income in 2009 was $1347 and $2955 in 2010. The former wife testified that teaching positions were available in Polk County, Florida with annual salaries between $32,000 and $35,000.
In calculating the former husband’s child support obligation, the trial court stated:
I’ve got this problem in terms of his salary. He’s paid in yen [sic] and he’s living in the People’s Republic of China. And you’re telling me that I should only figure his income based on the fact that he’s saying in his financial affidavit that he’s getting about $923 a month.
But then I look at his rent, and it’s in U.S. dollars, $46 a month, and his food costs for the month are $76 a month. And I just understand that the cost of living is tremendously less in China than it is in the United States, and that [$]923 a month that he’s earning over there is simply not realistic when you try to figure it against his own cost of living over there.
And so what I’ve decided to do is — and I did this on sort of a pro rata ratio-type thing in my mind — decide that his net monthly income is the equivalent of earning in the U.S. $3,000 per month.
Child support awards must be based upon competent, substantial evidence of a party’s net income. Vanzant v. Vanzant, 82 So.3d 991, 993 (Fla. 1st DCA 2011); see Warren v. Warren, 84 So.3d 461, 461 (Fla. 2d DCA 2012). Here, there is no evidence in the record supporting the trial court’s “pro rata ratio-type” determination that the former husband’s monthly income was $3000. Nor is there any indication that the court imputed income to the former husband for the period after December 10, 2010, or any evidence supporting the imputation necessary to reach a monthly income of $3000. See § 61.30(2)(b), Fla. Stat. (2009); Bator v. Osborne, 983 So.2d 1198, 1200 (Fla. 2d DCA 2008). We therefore reverse and remand for further proceedings with regard to the former husband’s child support obligation beginning December 13, 2010.
Reversed and remanded.
VILLANTI and LaROSE, JJ., Concur.

. The order on appeal addresses issues other than child support; however, the former husband challenges only his child support obligation.