# Third District Court of Appeal

## State of Florida

Opinion filed March 18, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-211
Lower Tribunal No. 96-11875
_____

**Florida Department of Revenue, on Behalf of Christine James,**
Appellant,

vs.

**Calvin J. James,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Bernard Shapiro, Judge.

Pamela Jo Bondi, Attorney General, and William H. Branch, Assistant Attorney General, for appellant.

Calvin J. James, precluded from oral argument.

Before SHEPHERD, C.J., and ROTHENBERG and LOGUE, JJ.

LOGUE, J.

The Florida Department of Revenue ("the Department"), on behalf of Christine James ("the Mother"), appeals an award of attorney's fees in a child support enforcement action. We reverse.

In a post-dissolution of marriage proceeding, the Mother brought an enforcement action against Calvin James ("the Father") for child support. The Department intervened. After a court-ordered mediation, the parties entered into an agreed order which stated that the Father had complied with his child support obligation. The Father then moved for attorney's fees against the Mother, alleging that she brought the action merely to harass him. The trial court granted the motion. Other than the formula used by the trial court to determine the amount of fees, the order did not set forth any findings of fact. This appeal followed.

This is a Title IV-D action. "IV-D" refers to services provided under Title IV-D of the Social Security Act, 42 U.S.C. ss. 651 et seq., a child support enforcement program. § 61.046(9), Fla. Stat. (2011). The Department, Florida's Title IV-D agency, intervened in the present action and represented the Mother. These actions clearly converted the proceedings into a Title IV-D case. See Spano v. Bruce, 62 So. 3d 2, 6 (Fla. 3d DCA 2011) ("We find that all child support cases that are administered by the Department of Revenue are considered Title IV–D cases. . . ."); Dep't of Revenue ex rel. v. Satchell, 949 So. 2d 1116, 1117 (Fla. 1st DCA 2007) (holding that a post-dissolution action to determine child support

2

arrearage and overpayment was a Title IV-D case, even though the Department did not intervene, where the Department was named as a party and participated in the proceedings).

Section 61.16(1), Florida Statutes (2011), limits attorney's fees available in Title IV-D cases. It provides: "In Title IV-D cases, attorney's fees . . . shall be assessed only against the nonprevailing obligor after the court makes a determination of the nonprevailing obligor's ability to pay such costs and fees. . . ."[1] Similar language in an analogous statute has been interpreted to mean that attorney's fees cannot be assessed against an obligee. Alvarez v. Fla. Dep't of Revenue, 744 So. 2d 1192 (Fla. 3d DCA 1999) (holding the trial court properly denied an obligor's request for attorney's fees against an obligee under a statute containing similar language); see also Dep't of Revenue v. Atherley, 659 So. 2d 469, 470 (Fla. 3d DCA 1995) (holding administrative costs can be assessed only against a nonprevailing obligor, not an obligee, under a statute containing similar language).[2]

---

[1] The Department may be assessed attorney's fees under section 57.105(1), Florida Statutes. § 61.16(1). In this case, the Father did not request such fees.

[2] Our standard of review is de novo because the entitlement to attorney's fees depends upon the interpretation of a statute. Spano, 62 So. 3d at 6 ("The abuse of discretion standard governs the review of an award of attorney's fees. Where entitlement to attorney's fees depends upon the interpretation of a statute, however, the standard of review is de novo.") (internal citation omitted).

3

In this case, the Mother was the obligee—"the person to whom payments are made pursuant to an order establishing, enforcing, or modifying an obligation for alimony, for child support, or for alimony and child support." § 61.046(12), Fla. Stat. (2011). The trial court therefore erred in assessing attorney's fees against the Mother.

Reversed.