NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DEPARTMENT OF REVENUE, on behalf )
of DEBORAH LYNN SHIRER, )
                                              )
             Appellant, )
                                                )
v.                                          )     Case No. 2D15-1665
                                                )
CHRISTOPHER SHIRER, )
                                              )
             Appellee. )
                                                )
_____ )


Opinion filed August 17, 2016.

Appeal from the Circuit Court for
Pasco County; Lynn Tepper, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and William H. Branch,
Assistant Attorney General, Tallahassee;
and Carrie R. McNair, Assistant Attorney
General, Tallahassee (substituted as
counsel of record), for Appellant.

No appearance by Appellee.


WALLACE, Judge.

        The Department of Revenue, on behalf of Deborah Lynn Shirer,

challenges a circuit court order denying its petition to establish child support for two

children against Christopher Shirer (the Father).  Because the trial court failed to follow

the procedures established in section 61.30, Florida Statutes (2013), for determining the guideline child support amount, we reverse.

## I. THE FACTUAL AND PROCEDURAL BACKGROUND

The children in this case, T.S. and K.S., were adjudicated dependent in 2012 following a hearing at which both parents were represented by counsel. A third child was removed from the parents' custody in 2000. The original order of adjudication of dependency required the parents to "pay child support to the custodians of the children." In the final order of disposition, which accepted a case plan dated April 24, 2012, the trial court required the parents to "comply with any child support orders entered by this or another court," and to "maintain lawful and stable income for a period of at least six (6) months, or present proof of cooperation with applying for government assistance for the children." However, the trial court also determined that both the Mother and the Father were intellectually challenged, the Father having an IQ of 75 and the Mother an IQ of 70. Accordingly, the trial court's order contained the following provision: "The Court finds that due to the disability [sic] of the [M]other and [F]ather, the parents do not have the ordinary capacity to pay child support. So long as the parents cooperate with all applications for assistance from the government, the parents will be deemed Case Plan Compliant." All three children were placed with their paternal grandparents.

In May 2014, the Department petitioned the trial court for orders of child support and retroactive child support against the Father.[1] The Department served a

---

[1]Petitions for child support were filed against both parents. The order on appeal pertains solely to the Father.

request for admissions and a request for production of documents on the Father, but he did not respond.  In preparation for the hearing, the Department filed several child support guidelines worksheets for 2014 based on differing scenarios.  The scenario at issue here was based on child support calculations provided by the Department for two children.  In the worksheet, the Department calculated the Father's monthly net income to be $1413.94, with a resulting child support obligation for two children of $475 per month.[2]  The Department also filed another worksheet for 2013 in support of its request for retroactive child support.

The trial court held a hearing on the Department's petition on January 20, 2014.  The Father was notified of the hearing, but he did not appear.  After the hearing, the trial court denied the Department's petition.  This appeal followed.  The Father has not filed a brief with this court.

## II.  THE STANDARD OF REVIEW

Because of the trial court's prior order finding that the parents did not have the ordinary capacity to pay child support, the Department's petition may be viewed as a request for a modification of child support.  We review a trial court's decision regarding whether to modify child support for abuse of discretion.  Seward v. Fla. Dep't of Revenue ex rel. McClellan, 794 So. 2d 614, 615 (Fla. 2d DCA 2001).  "A trial court is authorized to modify child support when there has been a substantial change in the parties' circumstances.  That change must be significant, material, involuntary and

_____

[2]A deduction was allowed for "Smith" credit.  Smith credit refers to credit for the support of other children born prior to the children for which the support order is being sought.  See Dep't of Revenue ex rel. Marshall v. Smith, 716 So. 2d 333 (Fla. 2d DCA 1998).  At the time of the proceedings in the trial court, a fourth child was living with the Father.

permanent in nature," id. (quoting Fisher v. Fisher, 722 So. 2d 243, 245 (Fla. 2d DCA 1998)), and any resulting award "must be based upon competent, substantial evidence of a party's net income," Hoffman v. Hoffman, 98 So. 3d 196, 197 (Fla. 2d DCA 2012). However, where the issue relates to a trial court's application of the law, our review is de novo. Finney v. Finney, 995 So. 2d 579, 581 (Fla. 1st DCA 2008) ("[A] trial court's discretion concerning child support is subject to the statutory guidelines set forth in section 61.30 . . . . Whether a trial court has complied with the guidelines is a question of law to be reviewed *de novo*.").

## III. DISCUSSION

### A. Introduction

The trial court made two errors in its consideration of the Department's petition. First, the trial court improperly considered one of the children's receipt of Supplemental Security Income (SSI) in calculating the children's need for support. Second, the trial court improperly ruled that its prior finding that the Father lacked "the ordinary capacity" to pay child support as a result of his mental disability required the denial of the Department's petition. We will discuss each of these errors separately below. Then we will examine the evidence offered by the Department concerning the Father's income and offer some guidance to the trial court and the parties on remand.

### B. The Trial Court's Consideration of the Receipt of SSI Benefits by T.S.

At the hearing, the trial court asked the Department's counsel whether the SSI received by T.S. had been taken into account when calculating the guidelines support figure. Counsel answered in the negative; he explained that it would be improper to do so, citing Wallace v. Department of Revenue ex rel. Cutter, 774 So. 2d

- 4 -

804, 806-07 (Fla. 2d DCA 2000) (explaining that section 61.30(11)(b), Florida Statutes (1997),[3] prohibited a court from adjusting a child support award based upon the child's receipt of SSI). The trial court disagreed, finding that the SSI benefits received by the child T.S. were "more than adequate . . . to support the needs of these children" and that Mr. Shirer would owe no money "either retroactively or currently." Based on this finding, the trial court ruled that it "would apply the [SSI] that is going to the caregiver. While it is in the name of one child, it exceeds the needs under the guidelines that you have filed for both." In the subsequent written order, the trial court again cited as a reason for its denial of the Department's petition that "the child, T.S., receives $789.00 Social Security benefits based on his own disability. This exceeds the amount of support that the Department proposes . . . ."

Section 61.30(11)(a)(2) prohibits a court from reducing a parent's child support obligation based upon a child's receipt of SSI. Wallace, 774 So. 2d at 807; Ford v. Ford, 816 So. 2d 1193, 1197 (Fla. 4th DCA 2002) ("[I]ncome to the child in her own right is intended to provide additional support due to the child's special needs and should not serve as a basis to reduce the parents' obligation."). Accordingly, the trial court erred in denying the petition based on a finding that the SSI benefits received by T.S. "exceeds the amount of ongoing support the [D]epartment proposed to be paid by the Father for both children" and that "[t]here is more than adequate income through the federal Social Security benefits to support the needs of both minor children."

### C. The Effect of the Father's Mental Disability on His Ability to Pay

---

[3]This subsection currently appears at section 61.30(11)(a)(2), Florida Statutes (2013).

At the hearing on the Department's petition, the trial court declined to order the Father to pay child support either currently or retroactively. The trial court ruled that because it had previously determined that the Father did not have "the ordinary capacity" to pay child support because of his mental disability, the denial of the Department's petition was required. On appeal, the Department argues that this ruling was an abuse of the trial court's discretion because the trial court failed to make any findings regarding the Father's current ability to maintain employment and to earn income. We agree.

Undoubtedly, the trial court could take into account its prior finding that the Father lacked "the ordinary capacity" to pay child support because of his mental disability as one factor among others in its consideration of the Department's petition. But this prior finding did not compel the conclusion that the Father could not find gainful employment and would never be required to pay child support. Indeed, the trial court's prior order stated only that because the parents did not have "the ordinary capacity" to pay child support, their failure to do so could not be used by the Department as evidence of a failure to complete the case plan. It does not follow that if one or both of the parents do earn income, that income cannot be considered in determining the ability of the parent so employed to pay child support. Therefore, to the extent that the trial court denied the Department's petition based solely on its earlier ruling about the parents' ability to earn income, the trial court erred.

**D. Some Guidance on Remand**

On its reconsideration of the Department's petition, the trial court must follow the appropriate procedure for the determination of the parents' incomes. Section

61.30(2) requires the trial court to determine the guideline child support figure by determining each parent's gross monthly income, subtracting the allowable deductions to achieve a net income, determining the child support need from the schedules, and multiplying the minimum child support need by each parent's percentage share. In this case, the trial court made no calculations or findings as called for by section 61.30(2). Because the Father did not appear, the only figures in evidence were those supplied by the Department. It is possible that the conclusions drawn by the Department from this evidence contributed to the trial court's errors in resolving this matter.

The Department argues here—as it did in the trial court—that its evidence shows that the Father was earning $2178.37 per month gross ($1413.94 net). According to the Department, the resulting child support guideline amount of $475 was thus the "presumptively established" amount the trial court should have ordered as child support. See § 61.30(1)(a). We disagree. The Department's calculation of these figures was based on a faulty premise. The $2178.37 figure was derived from records obtained from the Florida Department of Labor (the "Suntax wage information"). From those records, the Department created a spreadsheet showing the Father's income from 2003, arranged by quarters. But the figures for many of the quarters are missing entirely, indicating that the Father had no reported income during those quarters. In fact, what the Department's spreadsheet shows is that the Father's history of earned income is marked by significant gaps and is highly variable. And the $2178.37 gross income figure that the Department suggests is evidence of the Father's income-producing ability is based on income earned during three quarters of 2014 that the Department added together and divided by twelve to produce a presumptive monthly

- 7 -

income amount.  But the Father's income in those three quarters of 2014, compared to prior years, was clearly an anomaly.  Indeed, when we average the Father's prior five years of earnings taken from the spreadsheet, we calculate that his average monthly gross income is approximately $622 per month.

"Child support awards must be based upon competent, substantial evidence of a party's net income."  Hoffman, 98 So. 3d at 197.  Here, the Department relied on the Father's income earned in three quarters of 2014—a clear anomaly—to establish his monthly income.  The evidence provided by the Department suggests that the Father's earnings history is sporadic at best.  In addition, his monthly income has been far less than the figure the Department suggests.  In the absence of any other evidence of the Father's ability to produce a similar level of income in the future, the Department's evidence falls far short of competent, substantial evidence to establish that the Father can earn gross income of $2178 per month.  Therefore, it does not follow that the evidence presented presumptively establishes the child support guidelines amount at the figure suggested by the Department.  Cf. Rudnick v. Harman, 162 So. 3d 116, 117 (Fla. 4th DCA 2014) (observing "that the extraordinary elevation in Former Husband's 2012 income was not regular and continuous, but was instead due to a specific non-recurring event"); Alich v. Clapp, 926 So. 2d 467, 468 (Fla. 4th DCA 2006) ("The trial court may only impute a level of income supported by the evidence of employment potential and probable earnings based on history, qualifications, and prevailing wages."); Lauro v. Lauro, 757 So. 2d 523, 526 (Fla. 4th DCA 2000) ("[T]here was no evidence that the husband's income in 1997, which was substantially greater than his average income for the preceding three years, would continue.").

Finally, to the extent that the Department may seek to impute income to the Father on remand, the trial court should be mindful that the statutory scheme established by the legislature allows the trial court to decline to impute income if a parent's history of unemployment or underemployment is the result of "physical or mental incapacity or other circumstances over which the parent has no control." § 61.30(2)(b). This may be such a case, although we express no opinion on the issue of imputing income to the Father.

## IV. CONCLUSION

We reverse the final judgment denying the Department's petition for modification of child support and remand for further proceedings consistent with this opinion. On remand, the trial court shall consider the requirements of section 61.30 in determining whether the Department has established the Father's income and ability to earn income by competent, substantial evidence. The SSI benefits received by the child, T.S., may not be a factor in these determinations. The trial court may conduct an additional hearing or hearings on remand. At any such hearing or hearings, the Department may present additional evidence concerning the Father's income. Finally, the Father must receive appropriate notice and an opportunity to be heard.

Reversed and remanded for further proceedings consistent with this opinion.


VILLANTI, C.J., and LUCAS, J., Concur.