NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


C.J.I.-R.,                                    )
                                             )
           Appellant,                        )
                                             )
v.                                           )        Case No. 2D16-1577
                                             )
C.M.,                                        )
                                             )
           Appellee.                         )
_____)

Opinion filed April 19, 2017.

Appeal from the Circuit Court for
Hillsborough County; Wesley D. Tibbals,
Judge.

Arthur C. Fulmer, Jr., of Fulmer &
Fulmer, P.A., Lakeland (withdrew after
briefing), for Appellant.

C.J.I.-R., pro se.

C.M., pro se.


SILBERMAN, Judge.

           C.J.I.-R. (the Father) and C.M. (the Mother) are the parents of a daughter

born in 2012.  The Father appeals a second amended final judgment[1] that establishes

_____

           [1]The Father appealed an amended final judgment, but during the
pendency of this appeal this court relinquished jurisdiction to allow the trial court to

paternity, a parenting plan, and child support. The Father raises several issues, only one of which warrants discussion. We reverse and remand solely for the trial court to calculate child support using the correct net income for the Father. We affirm in all other respects.

In determining child support, a trial court's finding regarding a party's income must be supported by competent substantial evidence. Hoffman v. Hoffman, 98 So. 3d 196, 197 (Fla. 2d DCA 2012); McCants v. McCants, 984 So. 2d 678, 682 (Fla. 2d DCA 2008). Here, at the final hearing the Father testified that the Mother's Exhibit 2, his financial affidavit filed February 11, 2016, was an accurate reflection of his current income. He did not testify to any specific amounts of income or deductions, and the Mother's counsel did not challenge him on any of the amounts listed. The Father's financial affidavit entered into evidence shows a monthly tax liability of $575.07 and a net monthly income of $2466.93. But the worksheet attached to the second amended final judgment shows the Father's monthly tax liability as $468.59, resulting in a net monthly income of $2573.41.

Thus, the worksheet the trial court used deviated from the evidence and overstated the Father's net income by $106.48 per month. Therefore, the net income of $2573.41 for the Father that the trial court used to calculate child support is not supported by competent substantial evidence. Accordingly, we reverse and remand for the trial court to recalculate child support using the Father's net income of $2466.93

---

correct a date in the amended final judgment, and the trial court rendered a second amended final judgment.

shown on his financial affidavit.  Otherwise, we affirm the second amended final judgment.

Affirmed in part, reversed in part, and remanded.


MORRIS and BLACK, JJ., Concur.