# Third District Court of Appeal

## State of Florida

Opinion filed August 24, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1112
Lower Tribunal No. 16-24232
_____


**Eleidy Miedes,**
Appellant,

vs.

**Steve B. Ideses,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Sandy T. Fox, P.A., and Sandy T. Fox, for appellant.

Abramowitz & Associates, and Jordan B. Abramowitz, for appellee.


Before SCALES, HENDON and GORDO, JJ.

GORDO, J.

Eleidy Miedes ("the Mother") appeals from an order granting Steve Ideses' ("the Father's") petition for modification of the parenting plan and child support. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). The parties share one child together, born in August 2016. Prior to the child's birth, the trial court entered final judgment of paternity, ratifying and incorporating the parties' agreed upon parenting plan. In 2018, the Father filed a petition for modification of the parenting plan and child support. The trial court subsequently entered its written decision granting the Father's petition. The Mother appealed.

We find no error in the trial court's detailed thirty-four-page order granting modification of the parenting plan and child support, made after a seven-day trial with evidence from the parties and experts, as it contained explicit findings of fact supported by competent, substantial evidence and properly analyzed the statutory factors of section 61.13(3), Florida Statutes. See Sordo v. Camblin, 130 So. 3d 743, 744 (Fla. 3d DCA 2014) ("[T]he evidence was competent and substantial that there has been a substantial change in circumstances and that the modification is in the best interests of the parties' [child]."); Levi v. Levi, 780 So. 2d 261, 263 (Fla. 3d DCA 2001) ("When child support is modified, retroactivity is the rule rather than the exception."); Spano v. Bruce, 62 So. 3d 2, 6 (Fla. 3d DCA 2011) ("Where the

circumstances that give rise to a modification of child support exist at the time during which a petition for modification is filed, failure to order the modification retroactive to the date of the filing of the petition constitutes an abuse of discretion.").

Affirmed.