# Third District Court of Appeal

## State of Florida

Opinion filed February 18, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1308
Lower Tribunal No. 06-9436-FC-04
_____

**State of Florida, Department of Revenue, Child Support Program, et al.,**
Appellants,

vs.

**Jean Fucien,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Gisela Cardonne Ely, Judge.

James Uthmeier, Attorney General, and Sarah C. Prieto, Assistant Attorney General (Fort Lauderdale), for Florida Department of Revenue.

Jean Fucien, in proper person.

Before FERNANDEZ, GORDO and GOODEN, JJ.

GORDO, J.

The Florida Department of Revenue ("DOR") appeals the trial court's final order approving the recommended order of the hearing officer granting Jean Fucien ("Fucien") credit against his total child support arrears and modifying his child support obligation. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We reverse and remand for further proceedings.

## I.

On November 28, 2006, Fucien was ordered to pay child support for the minor child[1] he had with Nadine Cineus ("Cineus"). By March 26, 2024, he had accrued $57,710.12 in arrears due to his nonpayment.

In August 2023, one month before the child's emancipation, Fucien petitioned for a modification, based on unemployment and social security disability benefits he had been receiving for six years. In September 2023, the child emancipated while the petition was still pending, converting Fucien's obligation from ongoing support to payments toward arrears pursuant to section 61.14(10), Florida Statutes.[2]

---

[1] The child was born on September 26, 2005.
[2] Section 61.14(10), Florida Statues states "if an obligation to pay current child support is terminated due to the emancipation of the child and the obligor owes an arrearage, retroactive support, delinquency, or costs, the obligor shall continue to pay at the same rate in effect immediately prior to emancipation until all arrearages, retroactive support, delinquencies, and costs are paid in full or until the amount of the order is modified. . . ."

At an April 10, 2024, hearing, Fucien sought a credit against arrears, asserting the child had been eligible for derivative benefits and that he advised Cineus to apply for derivative benefits. Cineus testified she did not apply for benefits and was unsure that Fucien told her he was eligible in 2017.

The hearing officer granted the modification and recalculated the support from the filing of the petition through emancipation using the child support guidelines worksheet. The hearing officer adjudicated $57,210.12 in arrears, reserved jurisdiction on the issue of a credit, and ordered Cineus to apply for derivative benefits on the child's behalf.

At a second hearing on August 28, 2024, Fucien renewed his request for a credit, asserting the child would have received benefits had Cineus applied in 2017. He introduced a 2017 Social Security Administration letter establishing his disability as of January 2014, eligibility for benefits as of July 2014, and a lump-sum payment covering November 2014 through March 2017. Cineus testified that she applied for the benefits as ordered and the child received five months of derivative benefits beginning April 2023 in the amount of $476 per month. She further testified that she was informed benefits could not be paid more than twelve months prior to the application date and disputed that Fucien advised her to apply in 2017.

3

Despite no evidence of derivative benefits received before April 2023, the hearing officer found the child would have been eligible beginning in 2017, retroactive to 2014, had Cineus timely applied. The hearing officer awarded a hypothetical retroactive credit of $40,817.17, covering 2014 to 2023, by extrapolating backward from the $476 monthly figure with cost-of-living adjustments, rather than recalculating support using the guidelines worksheet. The DOR objected, arguing the arrears were vested property rights of the child and that Fucien should have sought modification in 2017 when he began receiving disability benefits. Over the State's objection, the hearing officer applied the credit to the arrears.

On September 18, 2024, the trial court denied the DOR's motion to vacate the trial court's recommended order, relying on the Social Security Administration letter as competent, substantial evidence supporting the factual findings. This appeal followed.

## II.

"Generally, 'a trial court's decision regarding whether to modify child support is reviewed for abuse of discretion.'" A.G.W. v. C.L.C., 355 So. 3d 1062, 1065 (Fla. 2d DCA 2023) (quoting Dep't of Revenue ex rel. Shirer v. Shirer, 197 So. 3d 1260, 1262 (Fla. 2d DCA 2016)). "However, where the

4

issue relates to a trial court's application of the law, our review is de novo."

Id.

## III.

The DOR argues the trial court erred by modifying Fucien's child support obligation retroactively beyond the date he filed his petition for modification and improperly credited his child support arrears. We agree.

Florida law establishes a clear rule that modification of child support obligations can only be made retroactive to the date a petition for modification is filed. See § 61.14(1)(a), Fla. Stat. ("Except as otherwise provided in s[ection] 61.30(11)(c), the court may modify an order of support . . . by increasing or decreasing the support . . . retroactively to the date of the filing of the action or supplemental action for modification . . . ."). This court has repeatedly held it is error to award child support which is retroactive to a date prior to a request for modification. See State, Dep't of Revenue, Child Support Enf't v. Segrera, 661 So. 2d 922, 923 (Fla. 3d DCA 1995) ("Because support obligations become vested rights of the payee and vested obligations of the payor at the time the payments are due, child support payments may only be modified prospectively and are not subject to retroactive modifications."); Puglia v. Puglia, 600 So. 2d 484, 485 (Fla. 3d

DCA 1992) (same); <u>Spano v. Bruce</u>, 62 So. 3d 2, 5-6 (Fla. 3d DCA 2011) (same).

The limitation on retroactive modification also applies to disability-related modification cases. <u>See</u> <u>Kirwan v. Kirwan</u>, 606 So. 2d 771, 772-73 (Fla. 5th DCA 1992) (holding disabled father not permitted to have amount by which the child's monthly social security benefit exceeded his child support obligation to be used to satisfy arrearage – "[W]here 'arrearages' accrue because the custodial parent is receiving social security benefits but no child support payments, Florida law permits a credit against these 'arrearages' in the amount of the benefits previously paid.").

While a modification of child support obligations can only be made retroactive to the date a petition for modification is filed, Florida law does provide for credits when children receive social security disability benefits. <u>See</u> <u>Wallace v. Dep't of Revenue ex rel. Cutter</u>, 774 So. 2d 804, 807-08 (Fla. 2d DCA 2000) (Reversal of trial court order denying credit for those months in which children received dependent social security disability benefits based upon father's disability; reversal of that portion of the order permitting father to apply the dependent benefits in excess of his child support obligation to the arrearage he accrued prior the children's receipt of benefits.).

Here, the trial court improperly credited social security disability benefits against Fucien's child support arrears for the period of January 2014 through March 2024. Fucien was entitled to credit for only the five months of benefits actually received by his child due to his disability.

Fucien accrued $57,710.12 in arrears due to his failure to pay child support from November 2006 through August 2024. Although he was approved for disability benefits in January 2017, retroactive to January 2014, neither his child nor the child's mother received derivative disability benefits during that period.

In September 2023, the Social Security Administration informed Cineus that benefits could not be paid more than twelve months before the application date and that her child received five months of derivative benefits, retroactively beginning in April 2023, at $476 per month. Because dependent benefit credits are to be applied to meet the obligation incurred simultaneously with their receipt, Fucien was entitled to credit solely for the benefits the child received from April through August 2023. See Wallace, 774 So. 2d at 807-08 ("Because these dependent benefits were paid as a result of Mr. Wallace's disability and were made to his children on his behalf, we hold that they should have been applied to meet the obligation incurred simultaneously with their receipt, notwithstanding the lack of a petition for

7

modification. . . . [W]hen a parent is receiving social security disability income due to a disability and, as a result, his or her children receive dependent benefits, the total benefits received by or on behalf of that parent are attributed to the disabled parent as income in the child support guideline calculation. The dependent benefits are then credited toward the disabled parent's obligation, that is, they are a payment of the obligation on behalf of the disabled parent. If the benefits are less than the support obligation, the disabled parent must pay the difference. If they are more, the benefits pay the obligation in full, but any excess inures to the benefit of the children."); Kirwan, 606 So. 2d at 772-73 ("[W]here 'arrearages' accrue because the custodial parent is receiving social security benefits but no child support payments, Florida law permits a credit against these 'arrearages' in the amount of the benefits previously paid. [This situation] does not apply to the case now before us because the minor child received no benefits during the time the Father failed to make support payments. The Father now seeks a ruling that future benefits can be used to satisfy past support obligations. . . . If indeed a windfall of $184.00 has come, it should inure to the benefit of the child . . . . While the result of our holding may appear harsh, we note that during this period, the Father never placed before the court a request for a modification of his child support payments. . . . Had the Father properly

8

moved for modification when he became disabled, he may have avoided accruing the arrearage now assessed against him. This case illustrates the importance of timely application to the court for reduction of support obligations due to a change of circumstances[.]").

Credits are only available for benefits actually received by the child, not for benefits that could have been obtained but were not pursued. See § 61.30(10)(b)(1), Fla. Stat. ("A parent is entitled to credit for social security benefits **paid directly to the child or the child's caregiver** when the benefits are paid due to the parent's . . . disability[.]") (emphasis added). We have identified no legal authority imposing a duty on a parent who is not subject to a support order to seek a modification for the other parent or to affirmatively pursue disability benefits for the child on behalf of the parent claiming disability.

Accordingly, we reverse the challenged order under review and remand for a recalculation of the credit and its application to the arrearage, in accordance with the child support guidelines.

Reversed and remanded with instructions.

9